### GRANGER *vs.* THE HOWARD INSURANCE COMPANY OF NEW-YORK.

In an action on a *policy of insurance* against an incorporated company, by the terms of whose act of incorporation an *assignee* of the assured may bring an action on the policy *in his own name*, if *the subject insured* has been transferred to him, it is necessary that the plaintiff aver in his declaration that he has become the *purchaser* or *assignee* of *the subject insured ;* a general averment that the plaintiff became and was interested in the buildings insured, and that the assured transferred all his right and interest *in the policy* to the plaintiff, is not sufficient.

Such general averment would be sufficient if the party plaintiff was authorized, at common law, to maintain an action in his own name.

DEMURRER to declaration. The declaration contains two counts : in the first, it is stated that on the 16th October, 1826, the defendants entered into a policy of insurance, whereby, for the premium of $9,75, they engaged to insure one *John Van Velzer* against loss or damage *by fire*, to the amount of $1300, upon two buildings, to wit, $1200 upon a dwelling house and $100 upon a stable and waggon house, for the

period of one year, specifying the terms and conditions of the insurance, and, amongst others, that the interest of the assured was not assignable unless by consent of the defendants manifested in writing. It is then averred that on 22d May, 1827, the plaintiff, *being interested in the buildings* so insured, the defendants caused their consent, manifested in writing, to the assignment of the policy from Van Velzer to the plaintiff to be endorsed on the policy, and to be signed by their secretary, and afterwards, to wit, on 9th August, 1827, Van Velzer for value received, transferred and assigned to him all his right and interest *in and to the policy of insurance;* whereof the defendants on, &c. at, &c. had notice; that in consideration of the premium received, and of the assignment and delivery of the policy to the plaintiff, and of the undertaking, on the part of the plaintiff, to do and perform all things in the policy contained on the part and behalf of Van Velzer to be done and performed, the defendants undertook and promised that they would become and be insurers to the plaintiff for the said sum of $1300 upon the said buildings for the period aforesaid; that from the time of the assignment until the happening of the loss, the plaintiff *was interested in the buildings* to the amount of $1300; that on 14th October, 1827, the dwelling house was consumed by fire, by which the plaintiff sustained a loss to the full amount insured thereon; that due notice was given to the defendants, and all the terms and conditions specified in the policy complied with to charge the defendants; by means whereof, &c. The *second* count is similar to the first, except that in it is averred that on 22d May, 1827, the plaintiff *became and was interested in the buildings;* that thereupon Van Velzer assigned the policy to him, of which the defendants had notice, and caused their consent to the assignment to be endorsed on the policy. The residue of this count is like the first. The defendants demurred to the two counts separately, and assigned a number of special causes of demurrer.

*B. F. Butler*, for defendants.

*J. Wilkinson*, for plaintiff.

UTICA,
July, 1830.

Granger
v.
Howard Ins.
Company.

*By the Court,* SAVAGE, Ch. J.    1. It is objected that the counts do not specify the nature or extent of the plaintiff's interest.    In 2 *Marshall,* 682, it is said : " The averment of interest in the insured may be either general or special : under a general averment of interest, the plaintiff may give in evidence any interest he may have in the thing insured ; but if the interest be averred specially, it must be proved as stated.    The general averment is therefore in most cases to be preferred."    The counts in this case are in the usual form, that the plaintiff was interested in the subject matter insured to the amount insured ; and was there no objection to the maintenance of the action by the plaintiff in his character of *assignee,* this point would be no bar to a recovery.

2. The want of notice of the plaintiff's interest is relied on. Notice is averred in both counts ; in the *first,* it appears by the written consent of the defendants ; and it seems to me the defendants are estopped from saying they had no notice of the assignment from Van Velzer to Granger, when they have given a written consent to such assignment upon the back of the policy.

3. It is also objected that the time and manner of the conveyance should be stated.    This seems to be already answered by the quotation from *Marshall,* from which it appears a general averment of interest is sufficient.

4. It is further objected that a sufficient consideration is not set forth for the promise of the defendants to the plaintiff. The consideration stated is the premium paid by Van Velzer, and the subsequent transfer by the defendants' consent of Van Velzer's interest to the plaintiff ; this is enough.

5. The important question intended to be presented is whether an action can be sustained in the name of the *assignee.*    At common law, this could not be done in a court of law, though it might in equity.    2 *Marshall,* 800.    But there the suit would not be entertained unless it appeared that the assured refused the use of his name for the benefit of the assignee.    In *Carter* v. *United Ins. Co.* 1 *Johns. Ch. R.* 463, the chancellor refused to entertain jurisdiction, saying the remedy was at law, and the nominal plaintiff would not be permitted to defeat the action.    The statute incorporating

these defendants expressly provides as follows: that in case any person insured by the defendants shall sell and convey or assign *the subject insured* during the period of time for which it is insured, it shall be lawful for such insured to assign and deliver to the purchaser such policy, and such assignee shall have all the benefit of such policy, and may bring a suit in his own name: provided, before any loss happens, notice shall be given of the assignment; and the defendants, when notified, shall be at liberty to retain a rateable proportion of the premium, and be exonerated from the risk.

This statute gives an action in the name of the assignee of the policy, provided he has become the purchaser or assignee of *the subject insured* subsequent to the insurance and before the loss. This being the foundation of the plaintiff's right of action, he is bound to shew that he comes within the provisions of the act. It is not *any interest* in the subject insured which authorizes the assignment of the policy and the right of action; the plaintiff must have *the whole interest insured.*

In the case in 4 *Cowen,* 13, the plaintiff did not merely state that he was interested in the bond, but also that he was the owner thereof. The case of *Fenner* v. *Mears,* 2 *W. Bl.* 1269, upon the authority of which that decision was made, has been doubted, 1 *East,* 104. Besides, that was not an action on the bond itself; this is an action upon the policy. A policy of insurance is not assignable. The policies of the defendants may be assigned, and an action sustained upon them in the name of the assignee; but to give the assignee such right to prosecute in his own name, the provisions of the statute must be complied with. The plaintiff in his declaration has failed to shew that he is either purchaser or assignee of the subject insured, and therefore cannot sustain the action in his own name.

The defendants are entitled to judgment on the demurrers, with leave to the plaintiff to amend on payment of costs.