Howard *v.* The Albany Insurance Co.

---

HOWARD & RYCKMAN *vs.* THE ALBANY INSURANCE Co.

A policy of insurance, where the assured has no interest in the property at the time of making the contract, is a mere wager, and is void by the statute against betting and gaming. *Per*-BRONSON, C. J.

But where the assured owns the property when the insurance is effected and transfers it before the happening of a loss, the contract does not become a wager policy, though it is thenceforth of no value to the assured, as he has nothing upon which it can operate. *Per* BRONSON, C. J.

In fire policies the assured must have an interest at the time of the loss, and therefore where he has transferred the property after effecting the insurance he cannot recover.

So where two persons, owning property jointly, effected an insurance in both their names ; and before a loss, one conveyed his interest to the other, after which the property was consumed by fire ; in a suit on the policy in the names of both the assured, *held* that the plaintiffs could not recover, for the want of a joint interest at the time of the loss. *Per* CUR.—BRONSON, C. J. *dissenting.*

DECLARATION on a policy of insurance against fire. The *first count* was on a policy dated December 1, 1834, by which the defendants insured the plaintiffs for one year against loss or

damage by fire to the amount of $13,000, as follows; $8000 on their brewery in the city of Albany; and $5000 on the stock and utensils therein. There were several renewals of the policy the last of which was on the first day of February, 1842, for one year, and for the sum of $10,000. Averment, that at the time of making the policy and the renewal thereof, and from thence until the loss, the plaintiffs had an interest in the insured premises and property to the amount insured: and that the premises and property were destroyed by fire on the 26th day of December, 1842.

*Second count,* substantially like the first, except as to the averment of interest, which was, that at the time of the renewal of the policy, and from thence until the loss, *Lancelot Howard, one of the plaintiffs,* had an interest in the property to the amount insured.

*Plea,* 1. *Non-assumpsit.* 2. That after the renewal, and before the loss, to wit, on the 27th of June, 1842, the plaintiff Ryckman sold, assigned and transferred all his right, title and interest in the building and other property to the plaintiff Howard. The plaintiffs demurred specially to the second plea.

*S. Stevens,* for the plaintiffs. The plea is bad in substance. Although one of the assured has assigned to the other, the interest still exists, and the defendants are liable. We can at any rate recover to the extent of the interest which Howard originally had in the property. The action must necessarily be brought in the names of both plaintiffs, although the recovery will be for the benefit of one. (9 *Wend.* 404; 5 *id.* 200.) 2. The plea is bad as amounting to the general issue. 3. It professes to answer the whole declaration, and is no answer to the second count.

*D. Cady & M. T. Reynolds,* for the defendants. The declaration is bad for a misjoinder of counts and parties—the first count alleging an interest in both of the plaintiffs, and the second an interest in Howard alone. (1 *Hill,* 71; 4 *T. R.* 360; 2 *Marsh. Ins.* 803 *to* 805.) 2. The plea is a good bar. After the

interest was assigned, this was a gaming policy, and void. (3 *Kent*, 371; 2 *Atk.* 554; 3 *Bro. P. C.* 497; 1 *R. S.* 662, §§ 8 *to* 10.) The plea is not open to the objection that it amounts to the general issue. (19 *John.* 302.)

BRONSON, Ch. J. When the assured has no interest at the time the contract is made, the policy is a mere wager, in which one party stakes the sum insured, and the other the premium paid, upon the happening or not happening of a particular event. Whether such a contract would be good at the common law, we need not inquire; for it would clearly be void within our statute against gaming. (1 *R. S.* 662, §§ 8 *to* 10; 3 *Kent*, 277, 8.) But when the assured owns the property at the time the insurance is effected, a subsequent transfer of his interest cannot render the policy void. The contract will be of no value to the assured, for the reason that there is no longer any thing upon which it can operate; but the subsequent transfer cannot infuse any vice into that which was originally a valid agreement. I agree that in fire policies the assured must have an interest at the time of the loss, as well as when the contract is made. (*The Saddlers' Company* v. *Badcock*, 2 *Atk.* 554; *Lynch* v. *Dalzel*, 3 *Bro. P. C.* 497; 3 *Kent*, 371.) And so, if he has parted with all his interest before the loss happens, he cannot recover. But he does not fail on account of any vice in the contract, but for the reason that he has sustained no loss or damage.

Now in this case, if the plaintiffs, before the fire happened, had parted with one half, or any other share of their interest in the property, they could not recover any thing on account of that share; because as to that, they would have sustained no loss or damage. But I see no reason why they might not recover in respect to their remaining interest in the property. The cases of *Reed* v. *Cole*, (3 *Burr.* 1512,) and *Stetson* v. *The Massachusetts Ins. Co.*, (4 *Mass.* 330,) go upon the principle, that although the assured has assigned a part of his interest in the subject, he may still recover so long as he has any remaining interest; and I think that is sound doctrine. It is proper to no-

tice in relation to this contract, that although there is a condition which renders it void in case the *policy* is assigned without the consent of the company; (*see Smith* v. *The Saratoga Company*, 1 *Hill*, 497;) there is nothing concerning an assignment, either general or partial, of the *subject* insured. As the parties have not declared what should be the effect of such an assignment, the question must be settled upon general principles; and I am not aware of any rule of law which will deprive the assured of an action altogether, because he has assigned a part of his interest in the property. If he is confined, as he must be, to an indemnity for the loss and damage which he has actually sustained, there is then nothing in the case in the nature of a wager, or which is contrary to good morals. Nor is the insurer injured. On the contrary, he is relieved from the burden of his undertaking to the extent of the assigned share. He is not bound to indemnify the assignee, because he has not agreed to do it. But he has agreed to indemnify the assured; and his loss and damage, whether total or only partial, must be made good.

If Ryckman had assigned his share to a stranger, it would have made substantially the same question as the transfer of an equal amount of interest by both of the plaintiffs. The company would not in that case be answerable beyond the share owned by Howard: but to the extent of that share, I think they would be liable. True, the agreement was, to make good and satisfy unto the plaintiffs all such loss or damage as might happen by fire to *their* property: but it would be a narrow, and I think an improper interpretation of the contract to say, that it came to an end when the plaintiffs ceased to have a *joint* interest. We have not been referred to any case which asserts such a doctrine; and the general rule is, that contracts of insurance should receive a liberal construction for the attainment of the ends which the parties had in view. If the joint interest had terminated by the death of one of the plaintiffs, I cannot think that the policy would have ceased to be obligatory on the company; nor should such a result follow from a determination of the joint interest by the voluntary act of one of the parties. The policy says nothing in terms, about a joint interest in the plaintiffs. The building with

its contents, are only mentioned as *their* property, for the purpose of identifying the subject to which the policy applied.

If an assignment by Ryckman to a stranger would not have defeated the action so far as relates to the interest of Howard, it is quite clear that the assignment from Ryckman to Howard cannot have that effect.

I think the plaintiffs can recover on account of the interest which Howard originally had in the property : but the recovery cannot go further, and include damages for the interest which Ryckman assigned to Howard. As to that, it is the same thing, in effect, as though Ryckman had assigned to a stranger. If the promise had been, in so many words, to indemnify the plaintiffs jointly and *severally* against loss, it would only have reached such interests as they then had ; and not such as they, or either of them, might subsequently acquire.

This case is certainly not free from difficulty. But I think there may be a recovery on account of the interest which Howard had in the property at the time the contract was made, because that interest continued until the loss happened. But there can be no recovery on account of the interest which Ryckman had in the property at the time the contract was made, because he had parted with that interest before the loss happened.

If there can be a recovery to any extent, the action must of course be brought in the name of both the plaintiffs. A policy of insurance is a mere chose in action, which is not assignable, so as to pass the legal interest. (*Jessel* v. *The Williamsburgh Ins. Co.*, (3 *Hill*, 88.) In the case to which we are referred, (*Ferris* v. *N. American Ins. Co.*, 1 *Hill*, 71,) the policy was made assignable, so as to pass the legal interest to the assignee, by the express terms of the statute ; and having the legal interest both in the subject and the policy, we held that the suit must be brought in the name of the assignee. There is another case to the same effect. (*Mann* v. *The Herkimer Ins. Co.*, 4 *Hill*, 187.) And besides, although Ryckman assigned his interest in the *subject* to Howard, it does not appear that he assigned the *policy*. There is no ground for saying that there has been a misjoinder, either of counts or of parties.

Such are my views of the case.   But my brethren are of opinion that the plaintiffs cannot recover any portion of the loss, because they had no joint interest in the property at the time the loss happened.   The result is, that there must be

Judgment for the defendants.