## PEABODY and RIGGS *vs.* THE WASHINGTON COUNTY MUTUAL INSURANCE COMPANY.

A policy of insurance is a contract of indemnity, and without an interest in the subject of insurance, at the time of the fire, the holder of the policy sustains no loss.

Hence an assignment of a policy as collateral security for the payment of a sum of money by the assignor, will not enable the assignee to maintain an action on the policy, in case of loss; where it does not appear from the complaint that he had, at the time of the fire, any interest in the property insured.

But where the assignor remains the owner of the property, until the time of the

Peabody *v.* Washington County Mutual Insurance Co.

fire, the whole loss is sustained by him. He continues the owner of the policy, subject to the title of the assignee to it for the payment of his debt, and, it not being available to the assignee, the assignor alone may recover upon it, to the extent of the loss.

Where a demurrer is to the whole complaint, if one of the plaintiffs might have judgment separately, it is bad.

A demurrer must be sustained or fail to the whole extent to which it is applied.

A demurrer will not lie for a misjoinder of parties.

The defect of parties for which a demurrer is allowed, under § 344 of the code, is a deficiency of, and not too many, parties.

THIS was an appeal from a judgment entered at a special term, upon demurrer to the complaint. The action was brought upon a policy of insurance for $875, issued by the defendants to C. D. Riggs, one of the plaintiffs, upon his dwelling house, household furniture, wearing apparel, grain and provisions therein. The policy was assigned by Riggs, May 20, 1850, to one Porter, as collateral security for $700; and Porter, on the 18th of September, 1850, assigned it with consent to the plaintiff Peabody, as collateral security for $400. The property was destroyed by fire on the 27th of October, 1852. Peabody furnished proof, &c. The complaint did not show that *Porter* or *Peabody* had any *interest* in the property insured, or that the debt for which the policy was assigned as collateral security was a lien on the property insured. The plaintiffs claimed that Peabody's interest was $400, and that the residue *equitably* belonged to *Riggs*. The defendants demurred, 1st, for defect of parties plaintiffs, and 2d, because the complaint did not state facts sufficient to constitute a cause of action. Under the first point it was urged that there was nothing to show that the plaintiffs had a joint interest; and under the second, it was insisted that it did not appear that Peabody was interested in the subject of the insurance. Judgment was given for the plaintiffs, at the special term, with leave to the defendants to answer on payment of costs. The defendants appealed.

*J. C. Hopkins,* for the appellants.

*J. Dorr,* for the respondents.

Peabody *v.* Washington County Mutual Insurance Co.

*By the Court,* T. R. STRONG, J. The plaintiff Peabody, according to the allegations in the complaint, under assignments of the policy of insurance, made with the consent of the defendants, and by virtue of an understanding with the plaintiff Riggs, to whom the policy was issued—all of which took place before the loss—holds the policy as collateral security for the payment to him by Riggs of $400. But it does not appear by the complaint that he had at any time any interest in the property insured, and this is fatal to his right to recover. A policy is a contract of indemnity, and without an interest in the subject of insurance, at the time of the fire, the holder of the policy sustains no loss. (*Murdock* v. *Chenango Co. Mutual Ins. Co.,* 2 *Comst.* 210, 216.) In *Marshall on Insurance,* (*1st Am. ed.*) 696, it is said "the mere assignment of the policy would be of little avail, without an assignment of the subject matter of the insurance also." The assignee could derive no benefit from the policy, unless the interest of the assured were transferred with it; because, as we have already shown, the insured must not only have an interest in the subject matter of the insurance, at the time of insuring, but also at the time the loss happens. (3 *Kent's Com.* 371, 375, *4th ed.*) The difficulty in the way of a recovery by the assignee is not in the policy, or assignment, but that he has not been damnified. (*Howard* v. *The Albany Ins. Co.,* 3 *Denio,* 301, 303.) This interest must be stated in the complaint, as well as the fire and other necessary facts, to make out a cause of action. (*Granger* v. *Howard Ins. Co.,* 5 *Wend.* 202.)

But I think the complaint discloses a good cause of action in favor of the plaintiff Riggs. The only objection to his right to recover, regarding him as sole plaintiff, which is indicated on the part of the defendants, is founded upon the allegations of the assignments of, and the right of Peabody to, the policy. This objection cannot prevail, for the reason that the assignments, and the right of Peabody, are merely as collateral security for a debt due from Riggs, and Peabody cannot, upon the facts stated, maintain an action on the policy. It must be

understood, in the absence of any thing appearing to the contrary, that Riggs remained the owner of the property at the time of the fire; the whole loss therefore was sustained by him. He continues the owner of the policy, subject to the title of Peabody to it for the payment of his debt, and, as it is not available to the latter, he alone may recover upon it to the extent of the loss. The liability of the defendants, on their contract, to some one, is not affected by the assignment, and as they are not liable to the plaintiffs or to Peabody alone, they are so to Riggs. It is of no moment whether his interest is legal or equitable, as he only is entitled to recover.

The demurrer was rightly overruled, unless judgment for or against the plaintiffs jointly, only, could properly be rendered. As it is to the whole complaint, if one of the plaintiffs might have judgment separately, it is bad. A demurrer must be sustained or fail to the whole extent to which it is applied. (1 *Chit. Pl.* 576, 7, *Phil. ed. of* 1828.) By § 274 of the code, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Under the authority of this provision, I do not perceive any difficulty in giving judgment for one of the plaintiffs and against the other. The object of the provision was to abrogate the common law rule which the defendants now seek to have enforced, and to enable the court to award justice according to the rights of the parties. (*Brumskill* v. *James,* 1 *Kern.* 294.)

Another ground on which the decision on the demurrer was right—the complaint presenting a cause of action in favor of one of the plaintiffs—is, that a demurrer will not lie for a *misjoinder* of parties. The defect of parties for which a demurrer is allowed under § 344 of the code, is a deficiency of, and not too many, parties. Upon the opposite construction, the whole beneficial purpose of § 274 might be entirely defeated in many cases, unless the court should hold that under the code a demurrer may be sustained in part only.

The proper course for the plaintiffs to pursue in this case on the decision of the demurrer, after the expiration of the time

allowed to answer, was, to ask leave of the court to enter judgment in favor of the plaintiff entitled to judgment, and to dismiss the complaint as to the other plaitiff.

The judgment must be affirmed as to Riggs, and reversed as to Peabody; neither party to be allowed costs of the appeal. (*Code,* § 306.)

[MONROE GENERAL TERM, September 3, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]