Brown, J.
“ The first exception taken to the complaint in this action is, that it does not state what interest Caldwell, the plaintiff’s assignor, had in the property insured, or that he had any interest. The averment of interest may be general, and under that averment the plaintiff may give in evidence any interest which he may have in the subject insured. "Upon looking into the complaint, I find no formal or particular averment of interest, such as was customary under the old system of pleading. I do find, however, the charge, that the insurance was effected on his (Caldwell’s) three story and attic stone building, <fcc., and also on his water wheel, and on a frame building, occupied by the insured as a calico and silk printing establishment. Here is a distinct and positive assertion that the subject insured was the property of Caldwell, and that his title was that of owner. The statement of his right of property is plain and concise, and such as no one can fail to understand, and this is all that the code of procedure requires in framing a complaint.
The next exception taken is the omission to “set forth a valid right or title in the plaintiff, by virtue of the assignment.” In other words, that the consideration of the assignment is not set forth, and does not appear. On this point, I am referred to De Forest v. Frary, (6 Cowen, 151,) and, as I read the case, the only point decided was, that an order not negotiable, payable to two persons not copartners, could not be assigned so as to pass the title, by one of the payees alone. The court expressly decline to determine the question of the necessity of setting out the consideration at large in the declaration. The case of Jessel v. The Williamsburgh Ins. Co. (3 Hill, 88,) to which I am also referred, decides nothing more than that the assignee of a policy of insurance, with the consent of the insurers, could not, before the code, maintain an action upon it in his own name, but must prosecute it in the name of the insured. The .same decision was made in Granger v. The Howard Ins. Co. *145 (5 Wend. 200,) even where the act of incorporation gave the right of action in the name of the assignee, under certain contingencies, unless the declaration expressly averred that the contingencies upon which the right of action depended had actually occurred. The rule of common law which governed the court in making these decisions, has been superseded by the rule of the code, which expressly requires that actions shall be prosecuted in the name of the real party in interest.
The right of the insured to assign his interest in the policy, with the consent and approbation of the insurer, is not disputed, and I am only to determine whether under the present simple, informal and concise mode of pleading, the assignment of Caldwell to the plaintiff is sufficiently set forth in the complaint. It charges that, on the 6th day of January, 1853, the said Caldwell, with the assent and approval of the defendants, written and indorsed upon the policy, (to which reference is made,) duly assigned and transferred to the plaintiff all the right, title and interest of Caldwell, in and to the policy of insurance, and that the plaintiff is now, and at the time of the destruction, of the insured property by fire was, the lawful holder and owner of the policy, and of the claim and demand arising and accruing against the defendants because of the loss and destruction of the property mentioned in the policy, and is entitled to demand and receive from the defendants the amount of such loss. I cannot be mistaken in supposing this language to charge a sufficient transfer of the policy, and of the right and interest in the loss sustained thereon, from Caldwell to the plaintiff, and that no statement or averment of the consideration which moved Caldwell to make the transfer and assignment, is at all necessary. Indeed if the provisions of the code have not overcome the necessity and utility of setting out particularly and specifically the consideration upon which the assignment of a chose in action has been effected by a third person, to one of the parties in the action, it will be difficult to say what it has accomplished.
Judgment is given for the plaintiff upon the demurrer, with leave to the defendant to withdraw and answer within twenty *146 days, on payment of costs, to be adjusted by the clerk, or by one of the justices of this court.”
N. J. Johnson, for the appellants.
I. The complaint does not state that the assured had any interest in the property insured, at the time of effecting the insurance. His interest should have been averred. (1.) If the assured had no interest in the property insured, the policy is a wager policy, and void. (Howard v. The Albany Ins. Co. 3 Denio, 301. 2 Phil. on Insurance, 601. 2 Comst. 210. 1 Selden, 405. 1 R. S. 662.) (2.). That it was necessary to aver the interest of the assured in the subject insured, see Williams v. The Insurance Co. of North America, (9 How. Pr. R. 365.) Ho property or interest in the subject of insurance is stated; no fact is alleged, from which the law infers any interest. The word “his,” in fol. 3, is at best, merely descriptive, copying the policy, and not intended by the pleader even, as an allegation of interest, as will be seen by what follows : “and on a frame one story building,” &e. “occupied by him.” That explains satisfactorily the meaning of “his,” and what the pleader intended in using that word. The buildings were occupied by him, hence called his; but does that set forth any insurable interest 1 He might have occupied as an agent; would that have given him an insurable interest 1
II. There is no allegation in the complaint that Robert Caldwell, the assured, sustained any loss by reason of the fire, or that the plaintiff did; or that either of them had any interest in the subject insured, at the time of its destruction by fire. (1.) The assured must have an interest at the time of the loss, as well as when the contract is made. (3 Denio, 303. 20 Barb. 339.) (2.) It must be averred in the complaint. The reason of this rule is, that by our statute entitled “Of betting and gaming,” (1 R. S. 662,) it is enacted, that all wagers, bets or stakes made to depend upon any lot, chance or casualty, or unknown or contingent event whatever, shall be unlawful, and all such contracts are declared void. By section 10 this is not *147 extended so as to prohibit or in any way affect any insurance made in good faith for the security or indemnity of the party insured. It is therefore necessary for the plaintiff to show that he comes within that exception. The defendant rests upon the general prohibition. And the plaintiff must show that the circumstances exist under which alone the contract of insurance can have validity. (9 How. Pr. R. 373.) (3.) The presumption of continuance of interest cannot follow in this as in most other cases, and it should have been set forth in the complaint, that, at the time of the loss, the assured or plaintiff had an interest in the subject insured. For the reason that the contract' upon which he is attempting to recover is void, unless it is within the exception made by statute, and the plaintiff must show himself within that exception. “ Where the statute declares that a deed or contract is void if made in a particular manner, or upon a specified consideration, (e. g. upon usury,) it is not necessary for the plaintiff to negative the condition; he may leave it to the defendant to set up the facts which bring it within the condition upon which, and upon which it alone is void. But where a statute makes a deed or agreement, or other act void, unless made upon a specified consideration, or under specified circumstances, the rule is reversed; the plaintiff must show that the circumstances exist under which alone it can have validity; the defendant in such cases may rest upon the general prohibition.” (9 How. Pr. R. 373.) (4.) Where the law does not imply the right to the matter or thing affected, the title, right or interest must be stated either generally or specifically. (1 Chitty's Pl. 378, 9, and 517, 9th Am. ed. 1844.) In this case the law does not imply the right to the matter affected; but on the contrary, the implication is against it. (See cases above cited, as to the presumption against validity.) (5.) The averments in the complaint, that the proofs of loss contained the matters as therein alleged, are not to be taken as allegations that those matters are true, nor as allegations of the facts.
*146 From this decision the defendants appealed.
*147 III. The complaint does not set forth a valid right or title in the plaintiff, by virtue of the assignment. (1.) In pleading an unsealed assignment of a chose in action, the consideration *148 of such assignment must be set forth. It must at least state that it was for a good and valuable consideration. (De Forrest v. Frary, 6 Cowen, 151. Prescott v. Hull, 17 John. 292.) The complaint does not state any consideration for the assignment.
IV. The complaint does not state facts sufficient to show that the policy of insurance therein mentioned is assignable. (1.) A policy of insurance is a chose in action, and not assignable at common law, so as to pass the legal interest. (Jessel v. The Williamsburgh Ins. Co. 3 Hill, 88, and cases cited. Howard v. Albany Ins. Co. 3 Denio, 301. Granger v. Howard Ins. Co. 5 Wend. 200-3.) (2.) The code, although requiring that actions must be prosecuted in the name of the real party in interest, has not made any “ thing in action” assignable now that was not assignable before the code. (3.) Whether there are rights under the policy, or its conditions annexed, by which it may be assigned, is not the question, but simply whether as stated in the complaint it is assignable. (4.) If the complaint had set forth that the charter of the company, or the laws under which it was organized and incorporated, provided for assignments of the policy, then the ratification by the company of the assignment would be good, but otherwise it avails nothing. If the assured had no right or legal power to make the assignment, then the ratification or assent of the company amounted to nothing. (Mann v. The Herkimer Co. Mutual Ins. Co. 4 Hill, 187-90.)
Y. The allegation in the complaint, “ that the plaintiff is now, and at the time of the destruction of the insured property by fire was, the lawful owner and holder of the policy, and of the claim and demand arising and accruing, &c., is a mere conclusion, and not a statement of facts.
S. W. Fullerton, for the respondent.
I. The complaint sufficiently alleges that the assured had an interest in the property insured, at the time the insurance was effected. (1.) It alleges that the defendants insured Robert Caldwell “ against loss or damage by fire on his (Caldwell’s) three story and attic *149 stone building,” &c, This is an assertion that Caldwell was the owner of the property insured. (2.) It charges that Caldwell occupied the buildings insured “ as a calico and silk printing establishment.” This is a sufficient averment of interest. An applicant for insurance need not disclose the nature or extent of his interest, unless inquired of by the company; and a general averment, in a complaint, of interest in the insured premises, in an action upon a policy, is all that is required; and under that general averment, the plaintiff may show what interest he had in the property insured. For instance, the plaintiff in this action, under this averment, might show that he was a vendee in possession, or was the lessee of the buildings. (1 Wend. 85. 1 Sand. 551. 2 id. 490.)
II. It is not necessary that the complaint should show that Caldwell had an interest in the subject insured, at the time of the fire. If he had an interest at the time the insurance was effected, it is to be presumed, in the absence of any thing appearing to the contrary, that that interest continued until the loss. The complaint does not allege, in so many words, that either Caldwell or the plaintiff sustained any loss by means of the fire, but certainly it sufficiently states the loss ; therefore, if it appears that Caldwell had an insurable interest at the time of the insurance, and that a loss has been sustained, the only question can be, who is the holder and owner of the claim, or who is the real party in interest in the claim which accrued against the defendants by reason of the fire 1 The complaint states, that on the 6th of January, 1853, Caldwell, with the written assent and approval of the defendants, &e. assigned his right and interest in the policy to the plaintiff; that on the 7th of July, 1853, and while the contract of insurance was in full force and effect, the buildings insured were destroyed by fire ; that on the 12th of July, 1853, the said Caldwell made an assignment of his property to Chauncey F. Belknap, in trust for the payment of his debts. That the proofs of loss were accompanied by the written assent of the said Belknap, that the plaintiff might receive from the defendants the amount of the policy; that the plaintiff is the lawful holder and owner of the *150 policy and claim which had accrued against the defendants because of the fire. Admitting, therefore, that an assignment before the fire, of the policy, would not of itself entitle the plaintiff to maintain the action in his name, and taking it for granted that after the fire the claim which accrued against the defendants, by reason thereof, was capable of being sold or assigned the same as any other money demand, it is contended that the foregoing allegations are sufficient to show that the plaintiff is the holder of the alleged claim, and entitled to maintain the action. He was the holder of the policy at the time of the fire, and by virtue of the assignment from Caldwell to Belknap, and Belknap’s written assent that he might receive the amount of the policy from the defendants, he is entitled to recover.
III. The complaint sufficiently alleges the assignment of the policy from Caldwell to the plaintiff.
S. B. Strong, J.
I am inclined to think that a policy of insurance is prima facie an admission, by the insurers, of the title of the assured to the property insured. If so, it is not necessary for the plaintiff to prove his title until that has been assailed by evidence. It is not ordinarily necessary for the plaintiff to allege, in his complaint, any thing which he is not bound to prove in order to make out his case. Hence it was held, and I believe very generally, that an averment of interest is unnecessary in declaring on a policy of insurance. (Nantes v. Thompson, 2 East, 385, Per Grose, J. Clendining v. Church, 3 Caines, 141. Buchanan v. Ocean Ins. Co., 6 Cowen, 332.) It is true that these decisions were before the passage of our statute to prevent betting or gaming, which in fact invalidates wager policies. But surely it cannot be necessary to aver, in a declaration, that a contract does not come within a prohibitory statute. That should appear on the defense. Our statute of frauds declares that certain agreements shall be void unless reduced to writing. Yet it has been frequently held that it is not necessary to aver, in the declaration, upon such a contract, that it is in writing. (1 Chit. Pl. 237. Elting v. Vanderlyn, *151 4 John. 237.) I cannot think that the statute to prevent gaming requires that what it condemns should be in effect negatived in a complaint. If it does, however, any thing from which a negative could be inferred would be sufficient. In this case the word “ his,” prefixed to the designation of the property insured, and the allegation that it was occupied by the assured, contain a sufficient averment of interest. Occupancy is prima facie evidence of title, and the word “his” is very significant. Together, they may be considered as a general allegation of interest. If it is too general, that is not now a cause of demurrer. The defendant, if he was dissatisfied, should have moved to reform the complaint.
As to the objection that it is not averred that the assignment was under seal, and that therefore a valid consideration should have been stated in the complaint, it seems to me that the words duly assigned indicate that it was by a sealed instrument, and that a consideration is inferred.
As to the right of the assignee to maintain the action in his own name, since the passage of our new code there can be no doubt.
The judgment should be affirmed. The defendant should be permitted to answer, on the usual terms.
Bbown, P. J. concurred.