# WILLIAM G. BAYLES *vs.* THE HILLSBOROUGH INSURANCE COMPANY.

1. An assignee of an insurance policy cannot maintain an action in his own name on the original covenant of insurance: the action must be brought on the new contract founded on the assignment, and to sustain an action of covenant, the assignment must be under seal.

2. An action cannot be sustained by the assignee against the company, unless he has an insurable interest in the property insured.

On demurrer to narr.

An action of covenant was brought in this court by William G. Bayles against the Hillsborough Insurance Company. The policy had been assigned to the plaintiff, as collateral security for a bond. The assignment was dated December 6th, 1853, and was as follows: "For value received, I hereby assign, transfer, and set over unto William G. Bayles and his assigns all my right, title, and interest in this policy of assurance, and all benefits and advantages to be derived therefrom, as collateral security on a bond, amounting to $422, dated June 1st, 1845."

The objections to the declarations sufficiently appear in the opinions delivered.

The cause was argued at February Term, 1858, before the CHIEF JUSTICE, and Justices ELMER, HAINES, and VREDENBURGH.

*Wurts*, in support of the demurrer

*Nevius* and *Vroom, contra.*

The CHIEF JUSTICE. There are two decisive objections to the validity of the declaration.

1. The suit is brought in the name of the assignee of the policy upon the original contract of insurance. The declaration contains no averment of a new contract between the assignee and the insurers founded on the assignment of the policy, and the assent of the company thereto. Nor would such averment, if made, have availed the plaintiff in an action of covenant, unless the new contract were under seal. The action is clearly founded on the original covenants of insurance, and cannot be maintained by the assignee. *Flanagan* v. *The Camden Mut. Ins. Co.*, 1 *Dutcher* 506.

2. It does not appear that the plaintiff had any insurable interest whatever in the premises insured. The declaration simply avers that the policy was assigned to the plaintiff as collateral security for a bond for four hundred and forty-two dollars and five cents. There is no averment that the bond was secured by mortgage upon the premises insured, nor that the plaintiff had any interest whatever in said premises. Under such a statement of facts, it is clear that there can be no valid contract of insurance, as between the company and the plaintiff, upon which an action could be maintained. 3 *Kent's Com.* 371; 16 *Peters* 495, *Carpenter* v. *The Prov. Wash. Ins. Co.*; 4 *Hill* 188, *Mann* v. *Herkimer County Ins. Co.*; 3 *Denio* 301, *Howard* v. *Albany Ins. Co.*; 5 *Wend.* 200, *Granger* v. *Howard Ins. Co.*

There is nothing in the charter of the company which qualifies this general rule of law, as applied to the defendants, or which, by fair implication, can be construed to render valid the assignment of any policy of insurance to a party having no interest in the premises insured

VREDENBURGH, J. The declaration alleges that the policy was made by the defendants, in favor of one Colby, in 1849, and assigned to the plaintiff, in 1853, as collateral security for a bond of $442.05, and that the property was burned in 1853.

It is assigned, for cause of demurrer, that an action will not lie on this policy in the name of the assignee. There is no averment in the declaration that the property was conveyed or assigned to the plaintiff; that the plaintiff had any interest in the property insured; or that the assignment has been recorded in the books of the corporation, or that any certificate of such record is certified on the policy by the secretary of the defendants.

The charter (*Pamph. Laws of* 1854, *page* 152, § 8,) provides that, if any person insured in such corporation shall convey or assign the property insured, it shall·be lawful

for such person to assign to the purchaser the policy of insurance; but the corporation shall not be bound by such policy after such assignment until the said assignment shall have been recorded on the books of the corporation, and certified on said policy by the secretary.

The policy not being assignable at common law, the plaintiff must show statutory authority for it. None is shown except that contained in the 8th section, and that only embraces cases where the property has been assigned or conveyed, neither of which is averred.

The charter further expressly provides that the corporation shall not be bound until the assignment shall have been recorded in the books of the corporation, and the record certified on such policy, neither of which is averred. The declaration averring that the policy was assigned, must further aver, in order to show a cause of action, a conveyance or assignment of the property to the plaintiff, a record of the assignment, and its certificate on the policy, or a liability in some other shape.

The demurrer is well taken, and judgment must be entered accordingly.

Justices ELMER and HAINES concurred.