# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT.

## 1863—5.

### COUNTY OF WASHINGTON.

---

### THOMAS SAWYER *versus* THOMAS M. MAYHEW & al.

If one, having no interest in a vessel and merely acting as agent for the owners, insures the vessel on his own account, the policy is void.

One undertaking to act as agent of the owner, in insuring a vessel, is bound to follow the instructions of his principal and to effect a valid insurance; though he may be excusable as to a doubtful point of law.

If, in such case, the agent does not obtain a valid policy which might be enforced at law, he is responsible to his principal for the actual damages sustained by him.

If the company was in good credit at the time the insurance was effected in such a case, and subsequently becomes insolvent, the damages will depend upon the ability of the company at the time the right of action accrues.

ON EXCEPTIONS, by the plaintiff, to the ruling of RICE, J. The case is stated in the opinion.

*B. Bradbury*, in support of exceptions.

*F. A. Pike, contra.*

The opinion of the Court was drawn up by

APPLETON, C. J. — This is an action against the defend-

ants as insurance brokers, for not effecting a valid and available insurance upon the brig Idlewild, of which the plaintiff was the owner.

It appeared that the defendants procured a policy on the brig at the office of the Astor Mutual Insurance Company, and another at that of the Commercial Insurance Company, on their own account and payable to themselves. The defendants had no interest in the vessel, but were to hold the policies they might effect as collateral security for their advances. The policies were similar in their terms. Upon proof of loss, the amount insured at the office of the Commercial Company was duly paid.

The declaration in the plaintiff's writ contained three counts.

The second count alleges that the defendants, " well knowing that the Astor Mutual Insurance Company was then and there reputed to be, and in fact was, worthless and insolvent," yet, notwithstanding such knowledge, caused the insurance of the plaintiff's brig to be made at such insolvent office, in consequence of which the plaintiff failed to collect the amount insured after the brig was lost.

It was agreed that the Astor Mutual Insurance Company was solvent when the policy was effected, but that, meeting with heavy losses, it subsequently failed.

The third count alleges the insolvency of the company and a knowledge of that fact by defendants, and a request by the plaintiff to reinsure, and a neglect by the defendants so to do, &c. But of this there was no proof.

It is apparent, therefore, that the plaintiff could not maintain his action upon the second and third counts. The only remaining inquiry relates to the first count and the instructions relating thereto.

In the first count, the ground of complaint is, " that the defendants did not in fact cause said brig Idlewild to be insured in said Astor Mutual Insurance Company by any good and effectual or valid policy of insurance," * * that the said Astor Mutual Insurance Company refused to pay the

amount of their policy upon said brig, " * and, because the policy upon the same was bad, invalid and ineffectual, the plaintiff could bring or cause to be brought no suit at law upon said policy against said insurance company," &c.

The plaintiff requested the presiding Judge "to instruct the jury, that the Astor policy, being made on account of the defendants and in their name, was void and ineffectual, because they had no ownership of, nor interest in, the brig Idlewild; or, that if not absolutely void, it could be valid only for the amount of the advances of the defendants to Sawyer and the premium notes they had given for him, which he declined to do, but did instruct them that said policy, so far as this trial was concerned, was to be treated as a good and valid policy."

The defendants, undertaking to act as agents, were bound to follow the instructions of their principal, and to effect an insurance which should be valid, though it seems they might be excusable as to a doubtful point of law. 2 Phillips on Insurace, § 1884, &c.

It is essential to any contract of insurance that the insured has an interest at risk. 1 Phil. on Ins., § 172. The interest to be insured must be truly described. *Simonds.* v. *Hodgson*, 6 Bing., 114, (19 E. C. L., 23.) The insurance effected by the defendants was on account of and payable to *themselves*. They did not own the vessel and had no interest therein. They did not insure as agents, nor for and on account of the owners, or those interested, nor for whom it might concern. *Finney* v. *Bedford Com. Ins. Co.*, 8 Met., 348. The policy, by its very terms, excluded the idea of agency on the part of the defendants. The policy was therefore a wager policy. It was void by the laws of New York as by those of this State. "When the assured has no interest at the time the contract is made, the policy," remarks BRONSON, J., in *Howard* v. *Albany Ins. Co.*, 3 Denio, 301, "is a mere wager in which one party stakes the sum insured, and the other the premium paid, upon the happening or not happening of a particular event. Whether

Sawyer *v.* Mayhew.

such a contract would be good at the common law, we need not inquire; for it would be clearly within our statute against gaming.   1 R. S., 662, §§ 8, 9, 10; 3 Kent's Com., 277."

The instruction requested, therefore, should have been given, and the neglect to give it, is not obviated by what follows in the charge of the Judge—"that the policy, so far as this trial was concerned, was to be treated by them as a good policy." The plaintiff had a right to a good policy which he could enforce by suit, and such a policy he failed in obtaining. The jury, therefore, could not properly treat it "as a good policy."

It is true that there was evidence tending to show, and showing, that "the Astor Co. acknowledged the loss in Feb., 1857, and that it now forms a part of the indebtedness of the company. The officers of the company never made any objection to the form of the policy." If the plaintiff could not maintain an action upon the policy, he was at the mercy of the insurers. If the insurance company was insolvent, the loss arising from inability to enforce its collection would be greater or less in proportion as the company was more or less insolvent. As the plaintiff in the first count alleges no objections to the office at which the insurance was effected, and as it is admitted the company was then in good credit, he cannot complain of its subsequent insolvency. If the company acknowledged their liability, and after they failed were willing to pay the plaintiff, what he could have collected by process of law had the policy been valid, the damages would seem to be merely nominal. The plaintiff is entitled to be remunerated to the extent of the loss arising from his inability to maintain a suit upon the policy and no further. The damages may be trifling — but a void policy cannot be a good one.          *Exceptions sustained.*

CUTTING, DAVIS, KENT and DICKERSON, JJ., concurred.