MONROE, executor, *vs.* THE SOUTHERN MUTUAL INSURANCE.
COMPANY.

Where the insured has conveyed the premises consumed absolutely in
    fee before the insurance was effected, but is litigating to set aside
    the deed, and the litigation has been finally terminated against him
    before the loss occurs, he cannot recover on the basis of the entire
    value of the insured buildings; and in order to recover on the basis
    of his liability for mere profits, or of the value of the possession,.
    or of the right thereto until the writ of possession is issued and
    there is actual ouster by the sheriff, there must be evidence of such
    liability, or of the value of such possession, or of the value of such .
    right of possession.

Insurance.    Contracts.    Before E. W. BECK, Esq., Judge·
*pro hac vice.*    Spaulding Superior Court.    February Term,.
1879.

Mrs. Varner owned certain realty near Griffin.    She·
made a deed to it to Napier *et al.*    Afterwards she com--
menced suit to cancel the deed for fraud in its procurement.
Pending this case she died, and her executor, Monroe, was
made a party.    The jury found for Napier *et al.*, and a
decree was entered ordering a writ of possession; the case·

was carried to the supreme court, and there affirmed; the *remittitur* was returned and entered on the minutes in November, 1874, but a writ of possession was not issued and executed until the last of December or first of January— after the fire. Pending this suit, in 1871, Monroe, executor, insured the house in the Southern Mutual Insurance Company, and renewed the insurance each year; when the last renewal was made the verdict in favor of Napier *et al.* had been returned, and the case carried to the supreme court. In December, 1874, the house burned. Prior to the loss a tenant of Monroe had been in possession, but he seems to have vacated before the fire. Monroe, executor, brought suit on the policy.

The evidence showed the facts above stated. There was also some evidence as to the cancellation of the policy, etc., not material here.

The jury found for the defendant. Plaintiff moved for a new trial on the following, among other grounds:

1. Because the court charged the jury, that if they believed from the evidence there had been a verdict and judgment of this court affirmed by the supreme court adjudging and deciding that the house and the land on which the house insured was located, were the property of the Napiers, then the plaintiff had no insurable interest in the property, and your verdict should be for the defendant.

2. Because the verdict was contrary to law and the evidence.

The motion was overruled, and plaintiff excepted.

John I. Hall; Jno. D. Stewart, for plaintiff in error.

R. H. Johnson; Boynton & Dismuke, for defendant.

Jackson, Justice.

We think that the facts of this case make it clear that there ought to be no recovery. At the time of the fire, there could be no loss to the administrator, Mr. Monroe,

because all title in the property had been decided against him by the superior court, and that judgment had been affirmed by the supreme court, and the *remittitur* had been returned and made the judgment of the superior court.

Mr. Stewart testified that the *remittitur* was returned in November and then entered on the minutes of the superior court. So that at the time of the fire in December there was no title in the administrator. Nor was there then any possession; but the tenant had abandoned the house and left it open.

Besides, when he insured he did not have full and complete title, but only the contingent interest dependent on a recovery; and the value of that interest nowhere appears. Nor even if he had a sort of right of possession until actual ouster by the sheriff—if the abandonment by his tenant was unknown to him and as to him might be considered temporary—and he could re-enter, still there is no proof that he did; nor is there any loss he sustained thereby, either mesne profits, or rents, or otherwise. So that in any view of the case the verdict is right. The whole insurance system rests on indemnity for loss to the insured, and where there is no loss of course there is no need of indemnity; and therefore there must be some interest *in the premises burnt at the time of the fire*, otherwise there can be no recovery. Indemnity presupposes loss; if no loss to the insured there can be no indemnity to him, and the corner stone crumbles beneath his case and it falls. Such, too, is authority. Phillips on Ins., §§185, 1, 2, 3, etc.; Flanders Ins., pp. 17, 345; 8 Mass., 515; 3 Denio, 301; Mees. & W., 390; 2 Coms., 210; 6 Pick., 198.

Judgment affirmed.