# Cooper *v.* The State.

*Indictment for Burglary.*

· 1. *Refusal of accused to make tracks, as evidence against him.*—In a criminal case, the accused can not be compelled to do or say any thing that may tend to criminate him, and his refusal to do so can not be proved as a circumstance against him; as, his refusal to make tracks on the carpet in the hall, on the promise of the prosecutor to release him if his tracks did not correspond in every particular with tracks left there by the burglar.

FROM the Criminal Court of Jefferson.
Tried before the Hon. S. E. GREENE.

R. H. FRIES, and Jo. G. CREWS, for appellant, cited *Spencer v. State*, 20 Ala. 24; *Fuller v. Dean*, 31 Ala. 657; *Campbell v. State*, 55 Ala. 80; *Weaver v. State*, 77 Ala. 26; *Jackson v. State*, 81 Ala. 23; *Thompson v. State*, 47 Ala. 37; 30 Ala. 28.

WM. L. MARTIN, Attorney-General, for the State.—A correspondence between discovered foot-prints and tracks made by the accused, is admissible evidence against him, as tending to identify him.—1 Bish. Cr. Pro., § 1097; Burr. Cir. Ev., 264-8; *Cicily v. State*, 13 Sm. & Mar. 207. The defend-

ant's refusal to make tracks on the carpet implied a con-
sciousness of guilt, and was admissible evidence against him,
like flight, or any other conduct indicating a consciousness
of guilt.—*McAdory v. State*, 62 Ala. 154; *Bowles v. State*,
58 Ala. 335; *Williams v. State*, 81 Ala. 1.

STONE, C. J.—The prisoner was arrested on a charge of
burglary, without a warrant, by the proprietor of the dwell-
ing alleged to have been burglariously entered. The bur-
glar had been discovered at a late hour of the night, walking
within the house, and in his stocking feet. Being pursued,
he fled, and made his escape. The night was rainy, and the
ground muddy. Escaping, the burglar ran across the hall-
way, which had a linen covering on the carpet. On this
covering were left foot-stains, those made by the left foot
being peculiar, and different from those made by the right.
This was the testimony of the prosecuting witness. He tes-
tified further as follows:   "I then told him, if he would take
off his shoes, and wet his socks, and make tracks on the
linen cloth carpet-cover in the hall, if his tracks did not cor-
respond in every particular with the tracks made by the
burglar, I would release him.   This he declined to do."
The defendant asked the court to charge the jury, that "the
refusal of the defendant, if proven, to show a deformed foot
to [the person who arrested him] on the night of the arrest,
can not be considered as a circumstance against him, and
such evidence is excluded from your consideration." This
charge was refused, and defendant excepted.

Our constitution, Art. I, sec. 7, declares that the accused
"shall not be compelled to give evidence against himself."
The principle of this clause is common to the constitutions
of this country.   It doubtless had its birth in the abhorrence
with which confessions, coerced by inquisitorial torture, were
regarded alike in England and America.   Courts have dif-
fered very widely in its interpretation.   Perhaps, its most
learned and exhaustive discussion will be found in the able
opinion of Mr. Justice BRADLEY, in *Boyd v. U. S.*, 116 U. S.
616.   In the case of *Stokes v. State*, 5 Baxt. 619 (Tenn.),
the precise question we have in hand was presented, with the
single exception, that in that case the offer was made to the
prisoner, that he should make a track with his bare foot in
the presence of the jury.   The prisoner declined to do so.
The trial court permitted this offer to be made in the pres-
ence of the jury, against the objection of the accused; but

[Cooper v. The State.]

instructed the jury not to regard the prisoner's *refusal* as evidence against him. The revising court, considering the case, said: "Because of this offer of the Attorney-General [the prosecuting attorney, who had made the offer to the prisoner], and the assent of the court thereto, this cause is reversed and remanded. In the presence of the jury, the prisoner is asked to make evidence against himself. The court should not have permitted the pan of mud to be brought before the jury, and the defendant asked to put his foot in it. We are satisfied the jury was improperly influenced thereby. And it is no sufficient answer, that the judge afterwards told the jury, that the refusal to put his foot in the mud was not to be taken as evidence against him." See same case in 30 Amer. Rep. 72.

The principle of the decision from which we have quoted is, that it would have been unlawful to force the witness to give (or make) evidence against himself, and the plan adopted and permitted accomplished the same result by indirect means. Thus regarded and considered, it is difficult to perceive a difference in its hurtful bearing, between making the offer in the court-room before the jury, and proving by a credible witness that it had been unsuccessfully made outside of the court-room. See, on this subject, *State v. Jacobs*, 5 Jones (Law), 259; *Doyne v. State*, 63 Ga. 669; *Blackwell v. State*, 3 Cr. Law Mag. 393; *People v. McCoy*, 45 How. Pr. (N. Y.) 216.

There are a few authorities which differ from the views expressed above, of which possibly the most noted is *State v. Garrett*, 71 N. C. 85; s. c., 17 Amer. Rep. 1.

Our own rulings on this and cognate questions may be found in *Bowles v. State*, 58 Ala. 335; *McAdory v. State*, 62 Ala. 154; *Williams v. State*, 81 Ala. 1; *Chastang v. State*, 83 Ala. 29; *Kelly v. State*, 72 Ala. 244; *Campbell v. State*, 55 Ala. 80. The following authorities shed light on confessions, express or implied : 3 Amer. & Eng. Encyc. Law, 492, n. 2; *Kelly v. People*, 55 N. Y. 565; *State v. Pratt*, 20 Iowa, 267; *Com. v. Kenney*, 12 Metc. 235.

There was no error in receiving the prisoner's answer, as to the number of toes on his feet.

In receiving evidence of the offer made to the prisoner to make tracks with his stockinged foot, and his reply and conduct consequent thereon, the Criminal Court erred.

Reversed and remanded.