(21 App. Div. 5.)

GEARON v. SACKS et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. PLEADING—GENERAL DEMURRER—WHEN LIES.
　　If a plaintiff, in the manner permitted by Code Civ. Proc. § 514, puts in issue in a reply the material allegations of a counterclaim, a general demurrer to the entire reply, as "insufficient in law upon the face thereof," under section 493, cannot be sustained.

2. SAME—QUESTIONS RAISED—SPECIAL MATTERS.
　　In an action on notes, the answer set up no defense of usury, and a counterclaim for a return of moneys was based, not on 1 Rev. St. p. 772, § 3, relating to recovery of money paid in excess of legal rates, but on the theory of payment under mistake of fact. Plaintiff replied to the counterclaim, and defendant demurred generally to the entire reply as "insufficient

in law upon the face thereof." *Held*, that such a demurrer laid no basis for urging that special matters alleged in the reply showed the transaction set forth therein to have been tainted with usury, and thus insufficient as a defense to the counterclaim.

Appeal from special term, Kings county.

Action by Artlissa V. Gearon against Herman Sacks and Pauline M. Sacks. From an interlocutory judgment entered on a decision of the court sustaining a demurrer to plaintiff's reply with leave to amend, etc., plaintiff appeals. Reversed.

The action was brought on three promissory notes of $20 each, alleged to have been made and delivered by the defendants to the plaintiff. The defendants, after taking issue upon the allegations of the complaint, allege as a separate defense that in May, 1894, the parties entered into an agreement whereby, for the sum of $850, to be paid by the plaintiff to the defendants, they agreed to pay over to him the rents, as they were collected for the period of 10 months, of certain tenants in premises referred to, owned by the defendant Pauline M. Sacks, and to pay him the sum of $20, and as security for the payment of the rents as collected agreed to give him a bond for $1,000, secured by mortgage on the premises; that the rents were paid to the plaintiff as they were collected, but that, as some of the tenants left the premises before the expiration of the 10 months, the amount so collected and turned over to the plaintiff during that time did not amount to a sum equal to that which plaintiff had paid; that, believing that it was necessary for them to pay to the plaintiff a sum equal to that so paid by him, the defendants paid him $120 for rents collected, and, after the expiration of the 10 months, paid him the further sum of $42, and that then, to make up the balance, $60, they gave to the plaintiff the promissory notes mentioned in the complaint, and that the sum of $162 was paid, and the notes were made under a mistake of fact. They demand judgment for the amount of the $162 so paid. To this alleged counterclaim the plaintiff replied: First. By denying any knowledge or information sufficient to form a belief, and therefore denied each and every allegation in the answer constituting a counterclaim, except as thereinafter admitted. Second. By alleging that in consideration of $850 paid to him by the plaintiff the defendant Herman Sacks sold and assigned to the plaintiff certain rents amounting to $980, and which were to become due from occupants of the premises referred to for 10 months, commencing with June, 1894, being the sum of $98 per month; that the defendant agreed to collect that amount each and every of the 10 months of the tenants, and pay it over to the plaintiff, and that if for any cause, whether by removal or otherwise, the tenants failed to pay such rents in advance on the 1st day of each month, the defendant Herman Sacks was to make up the deficiency, and to pay it on or before the 10th of each month; that to secure the performance of the agreement the defendants made their bond and mortgage conditioned for the payment to the plaintiff of $98 on the 10th day of June, 1894, and of each month thereafter, until the $980 should be paid; that the defendants paid him only $776, and that the plaintiff, having instituted an action against the defendants upon their bond to recover the residue, $204, the matter was adjusted in such manner that the defendants paid to the plaintiff $20, and gave him their four promissory notes for $20 each; that three of them are the notes mentioned in the complaint. The defendants demurred to the entire reply, on the ground that it was "insufficient in law upon the face thereof."

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. A. McCreery, for appellant.
A. M. Fragner, for respondents.

BRADLEY, J. We are not advised by any opinion what reason led the court to the conclusion that the defendants were entitled to judgment on the demurrer, nor does any reason appear for the sup-

·port of the judgment to that effect. The plaintiff, in the manner permitted by the statute, put in issue all the allegations of the counterclaim except as admitted in his reply. Code Civ. Proc. § 514; Griffin v. Railway Co., 101 N. Y. 348, 4 N. E. 740. This would seem to be sufficient to entitle the plaintiff to judgment on the demurrer, as it was taken to the entire pleading. In such case a demurrer cannot be sustained if any distinct count of the pleading is good, however bad the residue of it may be. Cuyler v. Trustees, 12 Wend. 165; Freeland v. McCullough, 1 Denio, 414; Peabody v. Insurance Co., 20 Barb. 339. Assuming that the defendants alleged in their answer facts constituting a counterclaim, the special matter alleged in the reply on the subject apparently constitutes a defense to it. But it is insisted by the learned counsel for the defendants that the special matters so alleged by the plaintiff in the reply show that the transaction set forth therein was infected with usury, and that, therefore, the facts so alleged constituted in law no defense to the alleged counterclaim. It is quite difficult to see on what theory the question of usury can be brought into the support of the demurrer. No such defense is pleaded in the answer to the cause of action alleged upon the notes, nor is the counterclaim founded upon the statute relating to usury, to recover back money paid in excess of the legal rate of interest. 1 Rev. St. p. 772, § 3. And there is no support for the contention that the special matter alleged in the reply is ineffectual as a defense to the counterclaim, for the asserted reason that it appears by the facts so alleged that the transaction in question was usurious and void. No such question is raised for consideration by the demurrer. It is unnecessary to extend back to the answer the inquiry whether the facts there alleged constitute a counterclaim.

The interlocutory judgment should be reversed, and judgment directed for the plaintiff on the demurrer. All concur.