BASCHAB, Judge.
The appellant, Norris Walker, was convicted of unlawful possession of cocaine and was sentenced to ten years in prison. The appellant’s only argument on appeal is that the trial court violated his right against self-incrimination by ordering the appellant to expose his tattoo to a State’s witness.
The appellant has a twin brother. At least to some of the State’s witnesses, it is very difficult to tell the two apart. One distinguishing factor is that each brother has a tattoo. The appellant’s tattoo reads “NW,” while his brother’s tattoo reads “MW.”
When asked to identify the suspect during trial, two of the State’s witnesses stated that they could not tell the appellant from his brother unless they could see the appellant’s tattoo. The trial court ordered the appellant to show his tattoo to the two witnesses. The appellant objected on the grounds that being forced to show his tattoo violated his Fifth Amendment right against self-incrimination.
This court has not specifically addressed this issue. However, it is clear from prior Alabama caselaw that the appellant’s argument must fail. In Hill v. State, 366 So.2d 318, 321-22 (Ala.1979), the Alabama Supreme Court stated:
“The fifth amendment of the United States Constitution provides the following guarantee against self-incrimination: ‘No person ... shall be compelled in any criminal case to be a witness against him-self. . .’ U.S. Const. amend. V. The United States Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), has interpreted this privilege as protecting ‘an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature....’ Id. at 761, 86 S.Ct. at 1830. The Court noted that the distinction has emerged between compulsion of communications or testimony on the one hand, and compulsion which makes the accused the source of real or physical evidence on the other, with the latter being beyond the scope of the privilege. The Court stated: ‘[B]oth federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.’ Id. at 764, 86 S.Ct. at 1832.
“The Alabama Constitution contains the following provision: ‘That in all criminal prosecutions, the accused ... shall not be compelled to give evidence against him-self. . .’ Ala. Const. art. I, § 6. The phrase' ‘to give evidence against himself seems, at first glance, broader than the federal provision by encompassing real or physical evidence as well as testimonial communications, and originally, was so construed. See, e.g., Aaron v. State, 271 Ala. 70, 122 So.2d 360 (1960); Myhand v. State, 259 Ala. 415, 66 So.2d 544 (1953); Cooper v. State, 86 Ala. 610, 6 So. 110 (1889). However, this interpretation was abandoned in Hubbard v. State, 283 Ala. 183, 215 So.2d. 261 (1968) which held that despite the difference in language the Alabama privilege against self-incrimination offers the same guarantee as that contained in the Federal Constitution. 283 Ala. at 194[, 215 So.2d 261]. Thus, the interpretation of the fifth amendment in Schmerber is likewise controlling as to the interpretation of art. I, section 6 of the Alabama Constitution. Other states with constitutional self-incrimination provisions identical to Alabama’s have adopted this interpretation. See, e.g., Application of Baggett, 531 P.2d 1011, 1021 (Okla.1974) (citing authorities); State v. Moore, 79 Wash.2d 51, 483 P.2d 630 (1971). Accord, Schmerber v. California, supra at 761 n. 6[, 86 S.Ct. at 1831 n. 6]. Therefore, we conclude that the protection of both the Alabama and federal constitutional provisions extends only to evidence of a testimonial or communicative nature.”
366 So.2d at 321-22 (footnote omitted; emphasis added). The question then becomes “is a defendant’s showing of his tattoo evi *1305 dence that is testimonial or communicative in nature?” The answer must be no.
As the State points out in its brief, several other jurisdictions have addressed this issue. In State v. Gallegos, 115 N.M. 458, 459, 853 P.2d 160, 161 (App.1998), the Court of Appeals of New Mexico stated that “[pjhysical characteristics that tend to identify a person are nontestimonial evidence” and “[ejompel-ling an individual to display identifying characteristics does not implicate the Fifth Amendment because the constitutional protection against self-incrimination ‘is limited to disclosures that are “communicative” or “testimonial” in nature and does not include identifying physical characteristics.’ ” (Quoting State v. Mordecai, 83 N.M. 208, 210-11, 490 P.2d 466, 468-69 (Ct.App.1971)).[1] We agree. The sole purpose of showing the appellant’s tattoo to the State’s witnesses was for identification. The display of the appellant’s tattoo was not communicative or testimonial in nature.
AFFIRMED.
All Judges concur.

. See also, Gardner v. State, 296 Ark. 41, 63, 754 S.W.2d 518, 530 (1988) (“The protections of the Fifth Amendment do not extend to demonstrative, physical tests, but are intended to immunize the defendant from providing the State with evidence of a testimonial or communicative nature .... The prosecutor's request that Gardner display his arms was perfectly proper.”); LaBlanc v. People, 161 Colo. 274, 278, 421 P.2d 474, 476-77 (1966) ("[T]here was no error in allowing a police officer to testify concerning his examination of the defendant’s arm and to describe the tattoo he found. The examination in question was not violative of the prohibition against compulsory self-incrimination, and testimony concerning the examination is admissible if relevant and material.”); State v. Henderson, 623 S.W.2d 638, 641 (Tenn.Cr.App.1981) ("[T]he defendant's insistence that the ruling of the trial judge which forced him to display to the jury a distinctive tattoo on his arm violated his Fifth Amendment right against self-incrimination ... is contrary [to the law].”).