GOODMAN & LUCAS, Executors, *vs.* LLOYD and GARRETT FORD.

Upon a trial in the court below, the plaintiffs read in evidence the note sued on, and there rested. The defendants then introduced the evidence upon which they relied ; after which, rebutting testimony was introduced by the plaintiffs. The plaintiffs, after an opening argument addressed to the jury, were permitted to withdraw the case from the jury, and file a demurrer to the evidence of the defendants. *Held,* that the judgment of the court below upon the demurrer was erroneous, if not a nullity.

A demurrer to ˙evidence is only applicable to the evidence of the adverse party, holding the affirmative of the issue, and cannot be applied to negative testimony denying the averments of the declaration.

Where a plaintiff who has introduced proof on his part, demurs to the evidence of the defendant, the court cannot invade the province of the jury, and find the facts which the evidence of the plaintiff conduces to prove, or institute a comparison between the facts admitted by the demurrer and those proved by the testimony of the plaintiff.

In such a case, where a judgment for the defendant was rendered by the court, below upon the demurrer of the plaintiff to the evidence of the defendant, a new trial was granted by this court.

In error from the circuit court of De Soto county ; Hon. F. M. Rogers, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*Watson & Craft,* for plaintiffs in error.

The court below erred in not sustaining the motion of plaintiffs, to exclude the testimony of Lewis and Jones, so far as the same tended to contradict the release under seal executed by defendant.

The demurrer to evidence did not operate as a waiver of this error. This point is ably considered and decided, in the case of *Dishazer* v. *Maitland,* 12 Leigh's Va. Rep. 524.

The testimony of Lewis and Jones was incompetent, because it was parol evidence, offered to contradict a written agreement, and indeed an agreement under seal.

Goodman et al. *v.* Ford.

The agreement between the parties was reduced to writing. The defendant, by a written indorsement, duly signed, assigned the Lloyd Ford note to plaintiffs' testator, and then for the balance of the money agreed to be paid, executed a note with Tate as his security.

On the title bond which he had received for the land, he then executed a release under seal, in these words :

" For value received, I hereby transfer and release to Henry Anderson, all my right and title to, and interest in, the land in the within bond mentioned, as witness my hand and seal, the 7th of December, 1843.

" Signed, GARRETT FORD." ※~~~※ { SEAL. } ※~~~※

Now here was an agreement in all its parts reduced to writing, and when a contract is reduced to writing, all anterior and contemporaneous stipulations are merged in the writing, and cannot be given in evidence. 8 Mo. R. 391; 1 Ala. R. 360; 1 Hill, R. 601 ; 5 Blackf. R. 272 ; 11 Verm. R. 679; 13 Conn. R. 173 ; 21 Pick. R. 30 ; 8 S. & M. 473; 5 Porter, R. 498.

The evidence of Lewis and Jones tended to show, in contradiction of the written release, that defendant still retained an interest in the land, the subject of the release. It will be seen, too, that the statements of these witnesses had reference to conversations that occurred before the contract was reduced to writing. To admit this testimony, is to plead parol evidence as high in the scale of evidence, as that which is written.

Moreover, the testimony of Lewis and Jones tended to prove a parol contract about land, when by the " Statute of Frauds and Perjuries," all such contracts are required to be in writing.

On this point, it is submitted that the judgment of the court below should be reversed, the cause remanded, and a new trial granted.

*D. C. Glenn*, for defendant in error.

1. By demurring to the evidence of appellee, appellants admitted all his evidence, waived all their conflicting proof, and lost the benefit of any exceptions to our proof. After this

50*

Goodman et al. *v.* Ford.

case had reached the point it had before the jury, I do not think the judge was right in allowing a withdrawal of it from the jury and a demurrer to defendant's evidence. But as the decision was in our favor I do not complain; but still I insist on all the advantages resulting to us from this peculiar mode of proceeding. That I am entirely right in stating them as first above laid down, see 1 Rob. Va. Pr. Law, 349 – 353, and cases cited.

2. The testimony of Lewis and Jones is objected to as contradictory of Ford's written release on Anderson's title bond.

If there is any point on this record, I say this is the point. Now I say this point is waived by the demurrer to the evidence. But if it is not waived, I say it is not well taken.

It is plain. Proof that Ford was to use the land until sold, does not contradict a release of title to the land. The title to the land and the use of the land are two things. Ford agreed to restore the title and revert it in Anderson, which could only be done by way of a release by him of a right to title, (for he had no more,) and hence his release on Anderson's bond. It might as well be said that proof that the suit at Pontatoc was to be dismissed, contradicts his written release on his title bond, or proof of the assignment of the Ford note, or the execution of the $300 note. The objection would apply as well to the one as to the others, and thus a contract be buried under a misapplication of a rule of law. Chitty on Cont. 26 – 28; 3 Stark. 1007, 1039.

3. The proof is clearly with defendant below, and sustains the decision of the court. In fact, the proof shows not only a suspicion of fraud on Anderson's part towards Ford, but it shows an actual fraud. This fact would deprive him of any objections to our defence. The court would not permit him to take advantage of his own fraud or wrong.

I feel sure the court will affirm the decision of the court below.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of assumpsit brought in the circuit court

of De Soto county, by the plaintiffs in error against the defendants, as the maker and assignor of a promissory note. On the trial, the plaintiffs read in evidence the note sued on, and there rested their cause. The defendants then introduced the evidence on which they relied; after which, rebutting testimony was introduced by the plaintiffs. The evidence having been closed on both sides, an opening argument was addressed to the jury by counsel for the plaintiffs. At this stage of the trial, the plaintiffs moved the court for leave to withdraw the case from the jury, with permission to tender a demurrer to the evidence of the defendants. The motion was opposed without success, and the plaintiffs were permitted to file their demurrer.

The propriety of this proceeding presents the first subject of examination.

A demurrer in law is the tender of an issue in law upon the facts established by the pleading. A demurrer to evidence raises an issue in law upon the facts established by the evidence, and by necessity involves the admission of the truth of the facts intended to be proved by it. Hence, the object of a demurrer to evidence is to raise the question of the relevancy, or sufficiency in law of the facts designed to be proved, and by it admitted on the record to maintain the issue in favor of the adverse party. The result of this proceeding is necessarily to change the issue in fact, which is made up and closed to the jury, to an issue in law and transfer it to the court. A demurrer of this character is only applicable to the evidence of the adverse party holding the affirmative of the issue, as the party in the negative is never required to produce evidence, unless the affirmative allegations are sustained by proof.

In the case under examination the demurrer was applied to the negative testimony, or to the testimony of the defendants denying the averments of the declaration. If this proceeding were regular, the legal operation of the demurrer was, the admission upon record of the truth of the facts, to the proof of which the evidence was conclusive. Of the facts thus established, it was competent for the court to take cognisance. But a defence necessarily implies a charge, and before the court

could determine the sufficiency of the facts found by the demurrer to maintain the issue in favor of the defendant, it was necessary to institute a comparison between, or to weigh the facts admitted by the demurrer with those proven by the testimony of the plaintiffs. But as the demurrer could not be applied by the plaintiffs to their own evidence, the court could not invade the province of the jury and find the facts, to the proof of which the evidence of the plaintiffs was conducive. Hence the proceeding was irregular, and the judgment of the court erroneous, if not a nullity.

The demurrer was filed upon the application of the plaintiffs, and against the consent of the adverse parties; and it is contended that, however erroneous the proceeding may have been, the plaintiffs should not be allowed to question it. If it were a mere irregularity committed at the instance of a party, he should not be permitted to do so. But here something more than an irregularity has occurred. The court without authority discharged the jury, and assumed to decide upon facts, which, by its constitution, it was incompetent to do.

We deem it unnecessary to notice any other question presented in the argument of counsel.

Let the judgment be reversed, and the cause remanded for further proceedings.