PEACOCK, Executrix, &c., *v.* THE NEW YORK LIFE INSUR-
ANCE COMPANY.

A condition inserted in the certificate of renewance of a life policy, that the
insured was then in good health, is to be construed by the standard of
health existing at the time of the original policy, and the description of
the insured's condition and ailments contained in the declaration upon
which it was made.

Where the insured, at the time of the renewal, is not affected with any diseases other than those mentioned in the original declaration, which tend to shorten life or increase the risk, and those diseases have not become so aggravated as to make his condition substantially different from what it was at the date of the first policy, he is in good health within the meaning of the parties.

APPEAL from the Superior Court of the city of New York. Action to recover $5,000, the amount of an insurance by the defendants upon the life of John C. Ryan. The policy bears date March 8th, 1853. The premium was $160 per annum, payable in advance, on the 28th of February, in each year. It was conditioned, among other things, that if the premium was not paid as prescribed the defendants were not to be bound. The insured, before obtaining the policy, made certain declarations respecting his health, upon which the policy was issued. Ryan, the insured, did not pay the premium which fell due on the 28th of February, 1854. The defendants accepted the premium on the 7th of March, 1854, and renewed the policy "*upon the condition that he (Ryan) is now in good health*—proof of which, in case of death, to be furnished the company."

Ryan died on the 22d day of May, 1854. On the 29th of May, the defendants were served with affidavits, stating the death of Ryan on the 22d of May, and that "he had not been considered dangerously sick more than a week. His disease was piles and a general derangement of his nervous system, and a prostration of the tone and ordinary function of the stomach."

In the declaration of health, made by Ryan on the 28th day of February, 1853, in answer to the question: "Has the party ever been seriously ill?" he answered: "Have had no sickness other than dyspepsia and piles, and, one summer, bilious fever."

On the trial of the cause, evidence was given of the state of Ryan's health at the time the policy was renewed, on the 7th of March, 1854. Nothing on this subject was contained in the proof of loss. On the part of the plaintiff it was contended, that the " good health " referred to in the certificate of renewal, had reference to the standard of health, mentioned in the declaration of Ryan, upon which the policy was issued. On the

contrary, the defendants contended that the "good health" of Ryan at the time of the renewal of the policy, must be made out without reference to the condition of the party at the time the policy was issued.

The judge charged the jury that in determining what was good health, in the understanding of the parties to the contract, they must take into view the declaration on which the policy was made. That declaration showed his condition as to health, and that was adopted as the basis of the contract; so that the question was whether, at the time of the premium being paid and retained in March, Ryan was in good health, within the meaning of those words as used by the parties to the contract. To this defendant excepted.

The judge further charged the jury that if they should find that on the 7th of March, Ryan was not affected with any disease, other than those mentioned in the declaration on which the policy was issued, which, in the judgment of those conversant with such subjects, would tend to shorten human life, or increase the risk, and that these diseases had not become aggravated, so as to make his condition substantially different from what it was when the policy was effected, then he was in good health, within the meaning of those words, as used by the parties, and the plaintiff was entitled to recover. To this the defendant excepted.

The jury found for the plaintiff, and the judgment having been affirmed at general term, the defendant appealed to this court.

*John H. Reynolds*, for the appellant.

*Daniel Lord*, for the respondent.

S. B. STRONG, J.   The jury have found, by their verdict, that at the time of the insurance the assured was not affected with any diseases other than those mentioned in his declaration, on which the policy was issued, which would tend to shorten human life, or increase the risk, and that the diseases which had been so specified had not become aggravated so as to make the condition

of the assured substantially worse than what it was when the policy was effected. Their verdict is conclusive as to those points. The only question now open for our consideration is, whether the judge rightly interpreted the condition of the renewal requiring that the assured should, at the time, be in good health. The word 'health,' as ordinarily used, is a relative term. It has reference to the condition of the body. Thus it is frequently characterized as perfect, as good, as indifferent and as bad. The epithet 'good' is comparative. It does not require absolute perfection. When, therefore, one is described as being in good health, that does not necessarily nor ordinarily mean that he is absolutely free from all and every ill which "flesh is heir to." If the phrase should be so interpreted as to require entire exemption from physical ills, the number to whom it would be strictly applicable would be very inconsiderable. In applying terms somewhat indefinite, reference should be had to the business to which they relate. This rule is very necessary when construing a language which like ours is defective in precision. The most important question on applications for life insurance is, whether the proponent is exempt from any dangerous disease, one which frequently terminates fatally. It is not usually deemed an objection that one has some slight physical disturbance of which in all human probability he will soon be relieved, although it might possibly lead to a fatal disease. A slight difficulty, such as the sting of a bee, the puncture of a thorn, a boil or a common cold has sometimes induced complaints which have shortened human life; but this result is so unfrequent and improbable that the mere possibility is disregarded in the business of life insurance. Now, in the case under consideration, the assured, while admitting that he had been afflicted with dyspepsia, with piles and occasionally bleeding piles, palpitation of the heart and nervousness, and had then a temporary cold, asserted nevertheless that he was then in good health. That he was in that condition was admitted by the company when it issued the policy. The admission would have concluded the company so that it could not have controverted the allegation of good health unless

upon proof of some complaint, or tendency to disease, in addition to what was contained in the declaration of the assured, if he had strictly complied with the stipulation for the payment of the premium. When the policy was continued or renewed after forfeiture, upon the condition that the assured was then in good health, he had a right to suppose that the company attached the same meaning to those words as in the original transaction. If not, and especially if more was required, it should have been so stated explicitly at the time. It is right to suppose, and such is the legal inference, that where the same words are used in reference to the same transaction and between the same parties, they should, in the absence of any direct assertion to the contrary, have the same interpretation. If the company had intended to insist upon any other terms than those which governed the original insurance, they should and probably would have issued a new policy. By continuing the existing one, with the representations accompanying it, they clearly indicated an intention to resume their previous contract —not to make a new one. Insurance companies uniformly consider the representations made by the applicant as a part of, and qualifying the contract. If in this case there had been any substantial misrepresentation originally by the assured, that would have avoided the policy after its renewal. The defendants did not contend in their answer, nor insist upon the trial, that the declaration made by the assured when the policy was originally issued, was false in any particular. If it was true, then it was, according to the finding of the jury, true when the policy was renewed. The effect of the condition imposed at that time was to extend the original representation so as that it might be considered as then made. That would prevent any loss from the occurrence of a new disease, or the increase of a preëxisting difficulty, during the intervening time. There was nothing indicating a disposition to effect any further change as to the original contract. The same premium was then and still to be paid; the same policy was continued, and upon the original application. The judge was right in instructing the jury, as he did in effect. that if the same sanatory condition of the

assured, as was represented in his declaration, continued up to, and existed at, the time when the policy was renewed, the plaintiffs were entitled to recover. The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.