## C. T. SWAN VS. LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY.

1. INSURANCE:  *Loss by fire.  Instructions to the jury.*
   Our courts possess the power to instruct the jury to find, as in case of nonsuit,. that plaintiff's evidence did not conduce to prove any cause of action, and they ought to find for defendant, etc.; yet such power should not be exercised except in· cases where there is no room for doubt.  Such charges are like· demurrers to evidence, and they should not be sustained if the evidence taken as wholly true proves, or fairly tends to prove, the case by any or all of the· conclusions properly and legally deducible therefrom.

2. SAME:  SAME:  *Agent.  Proof of loss.*
   Where a loss occurs by fire, and the preliminary proof of loss is made by the· agent of the insured, the insurance company cannot question his authority as such agent if it be shown that the same person, in his capacity as such agent,. had effected the insurance, paid the premium, received the policy, and in every manner been recognized by the company as such agent; nor can the insurer object, for the first time, on the trial to any defect in the preliminary proof of loss.  Such objections must be made within a reasonable time after recep-tion of the proof, and an opportunity given the insured to amend.

3. SAME:  *Notice and proof of loss.  Reasonable time.*
   Where the policy of insurance contains a condition that in case of loss the·

"preliminary proof of loss" shall be made within a "reasonable time," the reasonableness of the time must depend upon the facts in each particular case. What is or is not a reasonable time is a mixed question of law and fact, to be submitted to the jury under proper instructions from the court.

ERROR to the Circuit Court of *Hinds* County.

Hon. GEO. F. BROWN, Judge.

The opinion of the court contains all the facts necessary to a full understanding of the principles announced.

It is assigned for error:

1. That the court below erred in sustaining the motion of defendant for verdict in favor of defendant, notwithstanding the evidence offered in behalf of plaintiff.

2. In refusing to grant the motion for new trial.

3. In permitting the jury to disperse, and calling them back the next morning to render a verdict in favor of defendant.

*C. E. Hooker*, for plaintiff in error:

Loss by the mere fault or negligence of the insured or his servants, unaffected by fraud or design, is within the protection of the policy. Waters *v.* Merchants' Ins. Co., 11 Pet., 213.

When the charter limits the company to three-fourths of the value of the property, yet, if they make a valuation of property and insure only three-fourths of that, they are bound by it in the absence of fraud. Fuller *v.* Boston Mut. Ins. Co., 4 Metc., 206 ; Barden *v.* Higham Ins. Co., 1 Pick., 523.

An equitable or mortgage interest may be insured. 7 Wend., 92 ; Columbus Ins. Co. *v.* Lawrence, 2 Pet., 25.

The loss is to be estimated according to the valuation. Harris *v.* Eagle Fire Ins. Co., 5 Johns., 368.

The insured is not bound to disclose his title unless it is asked for. Bixly *v.* Franklin Ins. Co., 8 Pick., 86 ; 13 Mass., 61, 267 ; 10 Pick., 535. As to conditions, see 1 Man. & G. (1 Eng. C. L.), 46.

*Frank Johnston*, on the same side :

If there is a defect in the proof of loss the plaintiff should have a reasonable time and opportunity to correct it, and in good faith the insurer should point out the defect. It would

45

be unconscionable for the company to receive the preliminary proof of loss, and hold it without objection until sued, and then point out the formal defects in it. O'Neil *v.* Buffalo Fire Ins. Co., 3 N. Y., 123 ; Byrne *v.* Rising Sun Ins. Co., 20 Ind., 103 ; Herron *v.* Peoria Ins. Co., 38 Ill., 238 ; Great Western Ins. Co. *v.* Straden, 26 ib., 365.

In reference to the force of defendant's motion for judgment, as in case of nonsuit, the rule is that all is taken as proved that the evidence conduces to prove, or that may be fairly inferred from the testimony. Railroad *v.* McArthur, 43 Miss., 180.

As to the ownership of the property, it was insured in the name of Swan, and the effecting insurance is *prima facie* evidence of the interest of the assured. Fowler *v.* N. Y. Ins. Co., 23 Barb., 143 ; Nichols *v.* Insurance Co., 1 Allen (Mass.), 63.

*T. J. & F. A. R. Wharton*, for defendant in error :

As to the motion to instruct the jury, see Chewring *v.* Galewood, 5 How., 552. On demurrer to evidence the court can only determine on the legal effect of the facts which the evidence would conduce to prove, these facts being admitted on the demurrer. Goodman *v.* Ford, 23 Miss., 592 ; N. O. R. R. Co. *v.* Enochs, 42 ib., 603 ; M. & O. R. R. Co. *v.* McArthur, 43 ib., 180.

The court cannot compel a plaintiff to take a nonsuit, but may instruct the jury to find for the defendant. 3 How., 335 ; 2 Greenl., 5 ; 3 ib., 97 ; 2 Bailey, 321.

Such motion takes the place of a demurrer to the evidence. 1 Starkie, 471 ; 6 Mason, 647. See, also, 22 Wall., 116. As to the particular persons who may insure : Fland. on Fire Ins., 342, and cases cited. What is an insurable interest : Ib., 341, 342 ; Phillips on Ins., 505 ; 1 Greenl. on Ev., § 26 ; 26 Barb., 556.

The " proof of loss " required by policy must be made in time specified. Time is of the essence of the condition. Courts cannot dispense with the condition, or excuse its non-

performance. It is a duty created by contract, which the insured must perform, or lose the benefit of his insurance. Fland. on Fire Ins., 528; 57 Barb., 518; 12 Wend., 460.

Such "proofs of loss" as are required by the policy must be presented before an action for a loss can be maintained. Roper v. Lenden, 102 Eng. C. L. R., 825; 7 Jones (N. C.), 433; 1 Hoffm. (N. Y.) Ch., 171; 32 Iowa, 421.

As to the ownership of the property. It was incumbent upon plaintiff to *aver* in his declaration, and *establish by proof*, that he had an insurable interest in the property insured. Gilbert v. North American Ins. Co., 2 Wend., 43. He must prove that the contract was fairly entered into, and that he has performed his part of it. 14 Abb. Pr., 398.

The declaration averred that plaintiff was the owner of the property insured. Proof of that averment was indispensable to recovery by plaintiff. Dig. of Fire Ins. Dec., 632, § 8; 1 Gillm. (Ill.), 236; 23 Wend., 43; 23 Barb., 143; 23 Gratt., 312; 2 Gray, 480; 32 N. Y., 819; 2 Greenl. on Ev., § 26.

CHALMERS, J., delivered the opinion of the court.

After plaintiff had closed his testimony in the court below, defendant, without introducing any of its own, sought and obtained from the court an instruction to the jury " to find, as in the case of nonsuit, that plaintiff's evidence did not conduce to prove any cause of action, and they ought to find for defendant, and that even if they found any fact for the plaintiff which his evidence conduced to prove, still there was no cause of action, and they ought to find for defendant."

In obedience to this instruction, the jury, as in duty bound, returned a verdict for defendant, from which plaintiff appeals, assigning as the main ground of error the action of the court in granting the instruction quoted. That our courts possess the power to give such instructions was settled at an early day, in the case of Perry et al. v. Clark, 5 How., 500, and the language of the charge in question was copied from the opinion of Chief Justice SHARKEY in that case.

The learned chief justice, however, while vindicating the right of the court to grant such instructions, proceeds to say: "The evident tendency of all the cases is against the exercise of such a power as that claimed in the present instance, unless in cases where there can be no room for doubt, and this is the extent to which they go." To this we yield our unqualified assent. It is a delicate power, and one which should be used with the greatest possible caution. If there be any room for doubt, such a charge ought not to be given.

Such charges have been well likened to demurrers to evidence, as to which it is held that they should not be sustained if the evidence, taken as wholly true, proves or fairly tends to prove the case by any or all of the conclusions properly and legally deducible therefrom. Chewring v. Gatewood, 5 How., 552; Goodman v. Ford, 23 Miss., 592; M. & O. R. R. Co. v. Mc-Arthur, 42 ib., 180. We have ourselves declared, in reference to this class of instructions, that they are "only proper where all the facts in evidence taken as absolutely true, and every just inference from them, fail to maintain the issue." Whitney v. Cook (MSS).

Tested by these rules, we think that the instructions in the case at bar were manifestly improper.

The suit was upon a policy of insurance against fire, to recover the full amount upon a total loss. The supposed defects in plaintiff's evidence are an alleged insufficiency in the proof as to plaintiff's ownership of the property insured, and defects in the preliminary proof of loss filed with the underwriters, under the requirements of the policy, before suit brought.

Plaintiff adduced no record evidence of his title to the premises, though several witnesses testified that, by general repute in the neighborhood, he was the owner of them, and was in possession, by an agent, at the time of their destruction, and the testimony of the agent was to the same effect. Moreover, the property was insured in plaintiff's name, upon an application stating that he was the owner. Whatever may be

the rule where the question of ownership is put in issue before the jury by the pleadings, it was only necessary, in order to render improper the giving of the instructions complained of in this case, that plaintiff's testimony should tend to the establishment of his claim to ownership, and it is held that " the issuance of the policy in his name is *prima facie* an admission by the insurers of the title of the insured to the property insured." Fowler *v.* N. Y. Ind. Ins. Co., 23 Barb., 150; Nichols *v.* Fayette Ins. Co., 1 Allen, 63.

The objections urged against the preliminary proof of loss furnished by plaintiff before suit are stated to be of a twofold character:   1st, that the same was made by an agent, instead of by the insured in person; and, 2d, admitting that it was competent for an agent to make the proof, no sufficient evidence was adduced that the person acting as agent had been duly authorized thereunto by the insured.

So far as proof of agency is concerned it is sufficient to say that the person assuming to act as agent for the owner, in this case, was the same who, in that capacity, had effected the insurance, paid the premium, received the policy, and in every manner been recognized by the underwriters.

It is too late now for the latter to question his authority, or to object to any defects in the preliminary proof of loss.   They had been in possession of the document for many months before suit brought, and themselves produced it with their pleadings.   It is not shown that they ever objected to its sufficiency or called upon plaintiff to amend it.   It is well settled under such circumstances they are precluded from objecting on the trial to any formal defects in it.   Fland. on Fire Ins., 543; Peacock *v.* N. Y. Life Ins. Co., 20 N. Y., 293; Ætna Fire Ins. Co. *v.* Tyler, 16 Wend., 385; O'Neil *v.* Buffalo Ins. Co., 3 N. Y., 123; Byrne *v.* Rising Sun Ins. Co., 20 Ind., 103; Herron *v.* Peoria Ins. Co., 38 Ill., 238; Great Western Ins. Co. *v.* Staden, 26 Ill., 365.

One of the conditions indorsed upon the policy was, that in case of loss the insured should " forthwith give notice of such

loss, and shall within a reasonable time render such accurate and particular account of their loss or damage as the case will admit of, and shall verify the same by affidavit," etc.

This seems to contemplate an immediate notice of loss, and a subsequent detailed and accurate statement thereof in full.

The former is technically known as "the notice of loss," the latter as "the preliminary proof of loss." The one was to be given "forthwith," the other was to be furnished "within a reasonable time."

The notice of loss seems to have been promptly furnished, and its receipt and sufficiency to have been acknowledged by the general agents of the company, but the preliminary proof of loss was not forwarded for more than six months after the destruction of the premises.

This seems an unwarrantable delay, but may have been rendered reasonable by the circumstances of the case.

What is and what is not reasonable time, in cases of this sort, depends so much upon the facts of each case that we are unable to declare, as a matter of law, that the delay in this instance does not fall within a proper restriction of the term.

It is a mixed question of law and fact, to be submitted to the jury under proper instructions and supervisory control of the court.

We have arrived at the conclusion that the court below erred in instructing the jury to find for the defendants.

Plaintiff insists that, this being so, we should treat it as a demurrer to evidence, and, giving such judgment here as the court below ought to have given, we should enter up judgment here for plaintiff. This is an erroneous view of the attitude of the case. Whilst it is true that an instruction to the jury to find a particular verdict should never be given, except where it would be proper to sustain a demurrer to evidence, it by no means follows that a judgment is to be entered as if that was the state of the pleadings. The proceedings are wholly different.

On a demurrer to evidence the court acts without the intervention of a jury, and awards judgment, final for plaintiff or defendant, accordingly as it finds the demurrer well or ill taken.

But in a case such as the one under consideration it is equally impossible for the court to render judgment without the interposition of a jury, whether the instruction is given or refused.

If the instruction be granted, a jury must still come with their verdict to make it effectual.

If, on the other hand, the instruction be refused, it will scarcely be contended that the court should enter judgment against the party propounding it.

When, the instruction having been given and verdict rendered in accordance therewith in the lower court, the case comes here by appeal or writ of error, the question with us is simply one of error or no error in the granting of the instruction, and like judgment must follow upon the determination of that question as in other cases.

Having found that the verdict in this case was produced by an improper instruction, our sole duty is to reverse and remand, which is accordingly done.