## AMOS WOODRUFF *v.* TOWN OF OKOLONA.

1. MUNICIPAL BONDS. *Variance from statute. Day of payment.*
   Under a statute authorizing a municipality to issue bonds in aid of a railroad, payable not later than ten years from the date of issuance, bonds made payable twenty years from their date are void.

2. SAME. *Purchaser for value. Recitals. Want of power.*
   Recital in the bonds of conformity to the statute is not conclusive in favor of a purchaser for value, but he must look to the statute, and is chargeable with notice of any want of power to issue the specific bonds.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

A demurrer of the town of Okolona was sustained to a declaration by the plaintiff in error in debt upon certain coupons detached from bonds, issued by the town in pursuance of "An Act to aid in the construction of the Grenada, Houston and Eastern Railroad," approved Feb. 10, 1860 (Acts 1859–60, p. 412), and an amendatory act of March 25, 1871. (Acts 1871, p. 180).

*Lamar, Mayes & Branham,* for the plaintiff in error.

The recital in the bonds that they were issued in pursuance of the acts of 1860 and 1871 is conclusive in favor of a *bona fide* holder, as a buyer was not bound to look further on that point. *Supervisors* v. *Galbraith,* 99 U. S. 214. In that case, as in this, the variance would have been apparent from the face of the statute. Where the bonds are issued in excess of the amount authorized by the statute, it is no defence against a *bona fide* holder. *Marcy* v. *Oswego,* 92 U. S. 637 ; *Wilson* v. *Salamanca,* 99 U. S., 499. *A fortiori,* it is no defence, where the time of payment merely is extended. In *Commissioners* v. *Clark,* 94 U. S. 278, and *Township* v. *Strong,* 96 U. S. 271, where the bonds were made payable at a later date than that fixed by the statute, the objection was overruled, the provision as to date of maturity being considered directory and not of the essence of the power. The latter case was further complicated by the fact that the coupons were made payable semi-annually, instead of annually. The last va-

riance was also passed on in *Cutler* v. *Madison Co.*, 56 Miss. 115. Thus, by authority, the excess of time for payment would not invalidate the bonds in the hands of a *bona fide* purchaser, nor ought it to do so by reason, for the longer time given in which to pay is favorable to the town, and not prejudicial. The utmost that the town can properly claim is that, in so far as the power was exceeded, the contract is not binding ; that is to say, that the coupons for the last ten years of the period are not collectible.

*Houston & Reynolds*, for the defendant in error.

The right to issue these bonds not being inherent in the town, but the result of an enabling statute, the legislature, in authorizing their issuance, had the right to prescribe their character as to amount, interest and time of payment ; and the power thus delegated to the town, like delegated powers generally, must be strictly pursued. For reasons satisfactory to the legislature a positive prohibition is contained in the act, forbidding the issuance of bonds to run over ten years. As well can it be said that to charge a double interest is a benefit to the tax-payers, as that it is advantageous to them to pay interest for twice the prescribed time. The bonds payable within ten years are void, because the series of bonds constitute a scheme for a specific purpose, for which a fixed sum is directed to be issued. To half-pay a stock subscription, leaving the other half due from the town, is no compliance with the statute. The policy of funding the entire debt for ten years is not carried out, and the semi-compliance with the law leaves all the bonds void.

*Buchanan & Houston*, on the same side.

The case of *Supervisors* v. *Galbraith*, 99 U. S. 214, is not conclusive on this court. *Shelton* v. *Hamilton*, 23 Miss. 496. The plaintiff in error was on the face of the bonds referred to the act, and notice of its requirements was thereby fixed on him. He is conclusively presumed to know the law. The bonds could not be issued, except as authorized by the statute, which restricts the time of payment to ten years. The prohibition is so clear as to leave no room for construction. *Hawkins* v. *Carroll County*, 50 Miss. 735. The obvious intent of the statute, however, is to encourage immigration, and entail

no debt on posterity. This has been the policy of the State, and the law was framed in accordance therewith.

CAMPBELL, J., delivered the opinion of the court.

We decide this case on the first cause assigned in support of the demurrer, and decline to consider any other question. This cause is, that the coupons were annexed to bonds that were illegal and void, because the law authorizing the town to issue bonds provided for their being made payable at a time " *not to extend beyond ten years from the date of issuance,*" and that the bonds were made payable *twenty* years from their date of issuance. The effect of sections 4 and 5 of the act authorizing bonds to be issued by the town of Okolona was to limit the time when the bonds should be made payable to a period not to exceed ten years, and bonds made payable twenty years after the date of their issuance were unauthorized, illegal and void, for want of authority to issue them. Counsel for the plaintiff in error cited *Commissioners* v. *Clark*, 94 U. S. 278, and *Township* v. *Strong*, 96 U. S. 271, as deciding that bonds may be made payable at a later date than that prescribed by the law authorizing their issuance, and that this is not a valid objection to their obligatory force. Neither case sustains this view or gives any countenance to it. Both give countenance to the contrary view, for in both the validity of the objection is assumed, and it is disposed of by establishing the fact that the bonds were not made payable at a longer period than was authorized by the law under which they were issued.

But it is claimed that the bonds contain a recital that they were issued in pursuance of law, and that this is conclusive, and a buyer was not bound to look further, and, although there may be a variance between the bonds and the law under which they were issued, in any respect, it makes no difference, because of the conclusiveness of the statements in the bonds ; and the case of *Supervisors* v. *Galbraith*, 99 U. S. 214, is referred to as holding this doctrine. The claim of counsel seems to be justified by the language of the opinion in that case, but it is not the law, and is not sustained by the cases referred to as authorizing the declaration made. The case of *Commissioners of Knox County* v. *Aspinwall*, 21 How. 539,

expressly declares that, "the act, in pursuance of which the bonds were issued, is a public statute of a State, and it is undoubtedly true that any person dealing in them is chargeable with a knowledge of it." This case is referred to approvingly in *Moran* v. *Commissioners of Miami County*, 2 Black, 722, and has been often cited as the leading case on the subject to which it relates. The doctrine it announced, and which is understood to be generally recognized, is, that purchasers of bonds issued by counties and towns or other like organizations are not bound to look beyond the face of the bonds for evidence of a compliance with the conditions annexed to the grant of power to issue them, but the announcement that "the recital in the bonds of conformity to the statutes is also conclusive," as to the power conferred by the statute, was never made, so far as we know, until the case of *Supervisors* v. *Galbraith*, cited above. We are unwilling to adopt it as the law. We hold that any person dealing in such bonds is bound to look to the public statute of the State which confers power to issue them, and is chargeable with notice of any want of power to issue the very bonds issued. It will not do to say that, because power is conferred to issue bonds of certain designated terms, bonds materially variant from those designated by the law will be good in the hands of a purchaser, because they recite that they were issued in conformity to the statute. That would be to substitute the false recital of the bonds for the provisions of the law to which all must look, and with notice of which a purchaser is chargeable.

It will hardly be contended that a false recital in bonds, that they were issued in pursuance of an act of the legislature, referred to by its title and date of approval, will supply the want of such act, and that a purchaser of such bonds would not have to look further, but could rely on the recitals as conclusive on the county or town whose servants committed the wrong. It will be admitted that the statute conferring authority to issue bonds must exist and must be looked to for the power. It follows that the power exercised must be contained in the statute. A power to issue bonds payable not later than ten years after date does not authorize the issuance of bonds having twenty years to run. Time of payment is

material. An alteration of the time of payment of an instrument is material, and avoids it. It is not allowable to say that the statutory requirement in this particular is only directory, and that the defect is one of form and not of substance. That is to trifle with a solemn legislative provision by judicial assumption. The provision that bonds may be issued payable not later than ten years was material, relating to a matter of substance, and could not be disregarded. The town of Okolona had no authority to issue bonds having twenty years to run. Purchasers of the bonds, charged with knowledge of the statute, knew that it conferred no power to issue such bonds. The recital of the bonds could not mislead them, for they were bound to know their falsity. As to all matters of fact, constituting the conditions for the exercise of the power conferred to issue bonds, purchasers might rely on the recitals of the bonds, but as to the terms of the act conferring the power, they were bound to look to the act itself, and not to any misrepresentation or misinterpretation of it contained in the recitals of the bonds. They are to be read as if the act authorizing their issuance was embodied in them, and any material variance from the act makes them void.

*Judgment affirmed.*