CITY OF ABERDEEN *v.* THOMAS B. SYKES ET AL. EXTRS.

1. MUNICIPAL BONDS. *Purchaser in good faith. Notice.*

If municipal authorities issue obligations, stating on their face that they are circulated under the charter, which directs bonds to complete a railroad, and spread on the corporate minutes a recital that

they are put forth for this purpose, the municipality cannot defeat the rights of a *bona fide* purchaser by showing that the real object of their issuance was illegal.

2. SAME. *Action of debt. Demurrer to defendant's evidence.*

The municipal corporation which, in an action of debt on the bonds, pleads *nil debet, non est factum* and notice of such illegality, cannot be compelled to join in a demurrer to its evidence in support of the last plea, although it admits that the signature is that of the proper municipal officer and the seal that of the corporation.

APPEAL from the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

*Gholson & Houston*, for the appellant.

Municipal corporations have no implied authority to incur debts, borrow money, or subscribe to the building of railroads. Such power must be conferred by express grant. *Leonard* v. *Canton*, 35 Miss. 189; *Sykes* v. *Columbus*, 55 Miss. 115; *Trustees* v. *Cherry*, 8 Ohio St. 564; *Hopple* v. *Brown Township*, 13 Ohio St. 311; *Aurora* v. *West*, 22 Ind. 88; *Butler* v. *Charlestown*, 7 Gray, 12; Dillon Mun. Corp. §§ 106, 372, 766. Power to issue bonds was conferred by the charter only in aid of the railroad. Acts 1866, p. 86. When the railroad was completed, the power was exhausted and the statute ceased to be operative. *Savings Bank* v. *Winchester*, 8 Allen, 109; *Mahony* v. *United States*, 3 Nott & Hunt. 152; *Mayor* v. *Magruder*, 34 Md. 381; *White* v. *Stamford*, 37 Conn. 578; *Ex parte Smith*, 40 Cal. 419; Dillon Mun. Corp. § 423. Afterwards, the constitution prohibited further exercise of the power. Const. art. 12, § 14; *Baltimore & Susquehanna Railroad Co.* v. *Nesbit*, 10 How. (U. S.) 395; *Aspinwall* v. *Commissioners*, 22 How. (U. S.) 364; *Smith* v. *Sac County*, 11 Wall. 139; *Concord* v. *Savings Bank*, 92 U. S. 625; *Covington Railroad* v. *Kenton County Court*, 12 B. Mon. 144; *Commissioners* v. *Louisville Railway Co.*, 39 Ind. 192. Persons who deal with municipal officers should inquire concerning their powers. *Chandler* v. *Bay St. Louis*, 57 Miss. 326; *Marsh* v. *Fulton County*, 10 Wall. 676; Dillon Mun. Corp. §§ 381, 768. Bonds issued without authority are void in the hands of the original parties or subsequent holders. *Wooten* v. *Miller*, 7 S. & M. 380; *Deans* v. *McLendon*, 30 Miss. 343; *Sherman* v. *Grenada*, 51 Miss. 186; *Woodruff* v.

*Okolona*, 57 Miss. 806 ; *Commercial Bank* v. *Nolan*, 7 How. 508 ; *Mayor* v. *Ray*, 19 Wall. 468 ; *Weed* v. *Bond*, 21 Ga. 195. As the facts tended to show notice, the demurrer to the evidence was improperly sustained upon the most favorable view for the appellee, and this court should, on reversing, enter a final judgment in favor of the appellant. If not, then a new trial must be awarded, because the admission did not put upon the defendant the burden of proof as to all the issues. A seal and signature alone do not constitute a bond, but delivery, acceptance, and other things are necessary ; and, under no circumstances, can an admission for purposes of evidence be regarded as a waiver of a plea.

*S. J. Gholson*, on the same side, made an oral argument.

*Murphy, Sykes & Bristow*, for the appellees.

1. No defence, other than want of authority, will avail against an innocent holder for value of municipal bonds; and if the appellee had no notice besides the Act of 1866 and the recitals on these bonds, he is such a holder. *Knox County* v. *Aspinwall*, 21 How. (U. S.) 539 ; *Moran* v. *Miami County*, 2 Black, 722 ; *Zabriskie* v. *Cleveland Railroad Co.*, 23 How. (U. S.) 481 ; *Royal British Bank* v. *Turquand*, 6 El. & Bk. 327 ; *Savings Society* v. *New London*, 29 Conn. 174 ; *Grand Chute* v. *Winegar*, 15 Wall. 373 ; *Woods* v. *Lawrence County*, 1 Black, 386 ; *Mercer County* v. *Hacket*, 1 Wall. 83 ; *Gelpcke* v. *Dubuque*, 1 Wall. 175 ; *Meyer* v. *Muscatine*, 1 Wall. 384 ; *Block* v. *Commissioners*, 99 U. S. 686 ; *Hackett* v. *Ottawa*, 99 U. S. 86 ; *Kenicott* v. *Supervisors*, 16 Wall. 452 ; *Marsh* v. *Fulton County*, 10 Wall. 676 ; *East Lincoln* v. *Davenport*, 94 U. S. 801 ; *Cromwell* v. *County of Sac*, 96 U. S. 51 ; *Marcy* v. *Oswego*, 92 U. S. 637 ; *Wilson* v. *Salamanca*, 99 U. S. 499 ; *Hawkins* v. *Carroll County*, 50 Miss. 735, 764 ; *Cutler* v. *Supervisors*, 56 Miss. 115; *Supervisors* v. *Paxton*, 56 Miss. 679 ; *Woodruff* v. *Okolona*, 57 Miss. 806. It is no defence against a *bona fide* holder that bonds are issued in excess of the amount authorized by the statute. *Marcy* v. *Oswego*, 92 U. S. 637 ; *Wilson* v. *Salamanca*, 99 U. S. 499. The constitution does not revoke authority conferred by prior legislation. *Supervisors* v. *Galbraith*, 99 U. S. 214.

2. Demurrer to evidence is an advantageous practice

where the jury is unreliable or the facts are complicated, or where intricate legal questions are involved, and it has been approved by this court. *Mobile & Ohio Railroad Co.* v. *McArthur*, 43 Miss. 180 ; *Stiles* v. *Inman*, 55 Miss. 469. The demurrer is taken to the evidence of the party having the burden of proof, whether he is plaintiff or defendant. *Doe* v. *Rue*, 4 Blackf. 263. By the agreement as to the signature and seal, the defendant abandoned the pleas of *nil debet* and *non est factum*, leaving only the plea of notice in which it had the burden of proof. A verdict for the defendant, on the facts set out in the demurrer, would be set aside. Notice cannot be justly inferred from the evidence. *Jordan* v. *Foxworth*, 48 Miss. 607 ; *Hicks* v. *Steigleman*, 49 Miss. 377 ; *Ware* v. *McQuillan*, 54 Miss. 703 ; *Columbian Ins. Co.* v. *Catlett*, 12 Wheat. 383 ; *Pawling* v. *United States*, 4 Cranch, 219 ; *Young* v. *Black*, 7 Cranch, 565.

*E. H. Bristow*, on the same side, argued orally.

CHALMERS, C. J., delivered the opinion of the court.

The mayor and selectmen of the city of Aberdeen were authorized by the amendment to the charter of the city (Acts of 1866, p. 86) " to issue the bonds of said city to the amount of one hundred and twenty-five thousand dollars, for the purpose of completing, or aiding in the completion of that part of the New Orleans, Jackson and Great Northern Railroad between said city of Aberdeen and the Mobile and Ohio Railroad." By virtue of this authority, the mayor and selectmen issued bonds in two series, amounting to one hundred and three thousand dollars, with the proceeds of which the road was completed and paid for within two years. About two years after the completion of the road, and after full payment of the same had been made, the board desiring to raise money for another and wholly different purpose, — a purpose for which they had no right to issue bonds or incur any liability whatever, — borrowed the sum of five thousand dollars from sundry citizens of the town, and sought to secure payment thereof by an issue of five thousand dollars of bonds which recited on their face that they were issued in accordance with the provisions of the act quoted above. Simultaneously

with this new issuance, they spread upon their minutes a false recital, that the railroad in question had not been fully paid for, but that there remained due thereon the sum of five thousand dollars, and that these new bonds were issued to complete payment therefor. The parties to whom the bonds were delivered knew the falsity of this recital and the illegality of the issue, but the bonds were payable to bearer, and suit is now brought upon two of them by the executors of a person who, it is claimed, was a purchaser for value without notice of any defects or abuse of authority; and with nothing to put him on inquiry.

This court, following the decisions of the Supreme Court of the United States, has announced in several cases that the *bona fide* purchaser of municipal bonds payable to bearer need look no further than the recitals on their face, and the statute under which they profess to be issued. If the bonds recite that they were issued in compliance with the law, and the statute vests the municipal authorities with power to make the issue, the purchaser need concern himself no further, but may, as to all matters of fact, rely upon the legal presumption that the power has been properly exercised. Whatever may have been our original views as to the soundness of this proposition, it is too firmly settled by that tribunal, which ordinarily must be the court of last resort in the great majority of these cases, to be longer open to dispute. As before remarked, we have followed it in several cases, and the principle is decisive of the question here presented. It is impossible to draw a satisfactory distinction between a case where the statute declares that the bonds shall be issued only upon the happening of a precedent condition, but where, notwithstanding this provision, they have in fact been issued without the happening of the condition, and a case where the authority to issue is given for one purpose, and the issuance is made for another under a false recital that it is made in accordance with and by virtue of the statute. It is just as impossible for the innocent purchaser to discover the falsity of the recital in the one case as in the other, especially where a reference to the proceedings of the municipality, as officially recorded, instead of giving any notice of the illegality of the bonds, still further assures

him of their validity.  *Vicksburg* v. *Lombard,* 51 Miss. 111;
*Cutler* v. *Supervisors,* 56 Miss. 115; *Woodruff* v. *Okolona,* 57
Miss. 806.

The defendant corporation undertook to show in this case
that the plaintiffs' testator had notice of the illegal purpose
for which the bonds sued on were issued, or at least knew
enough about the circumstances attending their issuance to put
him on inquiry, and, for the purpose of showing this, intro-
duced much proof bearing more or less directly upon the
point.   Upon the conclusion of its testimony, the plaintiffs
demurred to the evidence, and in this demurrer the defendant
was forced by the court to join, despite its protests to the
contrary.   This we think was erroneous.   A defendant can
only be compelled to join in a demurrer to evidence when he
unmistakably holds the affirmative of the issue on the whole
case, — that is to say where upon every issue presented by
the pleadings the burden of proof is upon him.   In this case
the defendant had filed many pleas, the principal ones upon
which the parties went to trial being *nil debet, non est factum,*
and several pleas setting up in different forms that the plain-
tiffs' testator had notice of the illegal issuance of the bonds.
It is of course apparent that so far as the pleadings go, on their
face, the defendant held the affirmative of the issue only on the
question of notice ; the burden being upon the plaintiffs as to
the pleas of *non est factum* and *nil debet.*   This is admitted by the
counsel for the plaintiffs, but he contends that this legal aspect
of the pleading was changed by an agreement, signed by counsel
for the defendant in the progress of the trial, whereby it was
admitted that the signature to the bonds purporting to be that
of the mayor of the city, was the genuine signature of that
official, and that the seal attached to the bonds was the gen-
uine seal of the corporation.   This admission, it is contended,
was equivalent to a withdrawal of the negative pleas in the
case, and left it to be tried on the affirmative pleas of notice
only, as to which of course the burden of proof was upon the
defendant.   We cannot adopt this view.   We do not under-
stand that the defendant's counsel, in signing this agreement,
intended to withdraw any of its defences, or that in legal
effect they did withdraw them.   To make out their case the

plaintiffs were bound to produce the bond, and establish the authenticity of the signature of the officer whose name was appended to it. To save the calling of the officer in person, or any proof of his handwriting, the defendant said, in effect, " I will agree that this is his signature," but that was not a withdrawal of the negative pleas. The plaintiffs still had to introduce in evidence the bonds themselves and the agreement also. The burden remained on them, and this burden they were allowed to meet by the production of the bond and the agreement, but they could not succeed without producing them. The agreement did not purport to be an admission that the plaintiffs were the holders and owners of the bonds, and proof of this fact was essential to a recovery. They made out a *prima facie* case as to this by offering the bond in evidence, since the presumption would be that he who produced it was the legal holder, but nevertheless its production or proof of ownership and loss was essential. Having been produced, the further burden of proving its genuineness must be met, since a plea of *non est factum* had been interposed. As to this, the defendant said in effect by his agreement, " You need not call witnesses, but instead of doing so you may offer to the jury my written admission of the authenticity of the signatures. I consent that it may be offered in evidence, and thereby dispense with the necessity of further proof on that point." The agreement was mere substituted testimony, which must itself be offered in evidence. Without its production, as well as the production of the bond, the plaintiffs could not demand a verdict, and therefore the burden of proof upon the whole case was upon them. That they recognized this fact is shown by the record before us, from which it appears that they made out their *prima facie* case by producing the bond and the agreement before the jury, and there rested. The defendant having then produced his testimony on the question of notice, the plaintiffs demurred to it, and the defendant was forced by the court to join in the demurrer. This was erroneous, and on account of it the case must be reversed.

We would remark that the practice of demurring to parol evidence is a very dangerous one to the demurrant, and that the right to demand that the adversary shall join in it is

hampered with so many limitations and restrictions as to be in many cases practically useless. See Gould's Pleadings, 446, § 47. If attempted in an improper case the result is apt to be disastrous to the party demurring, and on this account it would seem to be wise never to resort to it where the testimony is parol and circumstantial in its character, but in such case to ask an instruction to the jury, directing them to find a verdict against the party offering the evidence. This accomplishes the desired result of invoking the judgment of the court on the relevancy and sufficiency of the evidence, and is freed from the restrictions and dangers, by which the demurrer is surrounded in this class of cases. *Swan* v. *Liverpool Ins. Co.*, 52 Miss. 704 ; *Whitney* v. *Cook*, 53 Miss. 551.

*Judgment reversed and cause remanded.*