# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ANNIE A. GRATTAN, ADMINISTRATRIX, ETC., OF HUGH P. GRATTAN, DECEASED, RESPONDENT, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT.

*Evidence — a physician cannot testify as to knowledge acquired, while attending : the deceased, from the general sight of the patient before examining him — " Good health"—meaning of the term, as used in an application for a life insurance policy.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from, an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought upon a policy of insurance issued by the defendant, June 24, 1876, for $3,000 upon the life of Hugh P. Grattan. Hugh P. Grattan died February 18, 1879. The plaintiff was appointed administratrix of his estate, and brought this action in September of the same year.

The defense was breaches of warranty in the application for the policy, in statements as to the health of his brother Terence; in a profession of ignorance of the cause of death of a sister; in an untrue description of his occupation, and in falsely stating the cause of death of his mother. The case had been previously tried, and upon such trial a verdict had been ordered for the defendant, which was reversed and a new trial granted. (24 Hun, 43.)

The court at General Term, after considering other objections raised by the appellant, said: " Second. It is urged that the court improperly excluded the following question from being put to Dr. Mereness: ' What opinion did you form, based on the general sight of the man before you made an examination, or before you had any conversation with him ? '

" Dr. Mereness was a physician to whom Terence (the brother) went to be examined.   The individual views of the writer of this opinion are in favor of the admission of this evidence, and were given upon the first trial   The General Term reversed the judgment for the admission of the evidence of Dr. Mereness, among other reasons. The trial judge followed the General Term, and has carried out the spirit of the reasoning there given.   If the result of Dr. Mereness' whole examination could not be given because forbidden by statute, no part thereof was proper.   If it was improper for Dr. Mereness to state the conclusion he reached after a thorough examination of the person, it would be equally improper for him to state his opinion formed from the general appearance at the same time, and before it became more thorough.   It is all a part of one examination, and if part is to be excluded the whole must be.   The physician judges not only by a thorough inspection of the chest, but also from the patient's general appearance, and the opinion formed upon the latter as to the health of such patient, who comes to him, is just as objectionable as the former.

    *        *        *        *

" Neither was there any misdirection as to what was 'good health.'   The judge said 'he was bound to know the truth of his statements, there is no question about that;   *   *   *   of course, if the brother was in fact sick at the time — was in fact out of health at the time, and was suffering in the manner you claim, the simple fact that this party may not have known it would not excuse him from the effect of that statement.   What I meant to say to the jury was, that if from all the appearances of the brother he was in good health, *in fact in good health,* so that everybody would so pronounce him, and there was nothing to indicate to any person that he was not in good health, then the fact that he might have had some latent, some hidden disease, which had not exhibited itself, and which might subsequently develop itself, would not necessarily render that an untruthful answer to that question, viz., the statement that his health was generally good.'

" We see no error in this charge.   A latent and undeveloped germ of disease probably exists in every mortal body, and if a person answers that his present health is good, the answer is not untrue because in his system there is a seed of disease already sown,

and subsequently to germinate. This is all the judge charged, and it was not erroneous. (*Conver* v. *Phœnix Mutual Life Insurance Company*, 6 Chicago Legal News, 144; *Hutchison* v. *Nat. Loan Asso. Soc.*, 17 Scotch Jurist, 253; Bliss on Life Insurance, 148; *Peacock* v. *N. Y. Life Ins. Co.*, 20 N. Y., 293, see page 296; *Cushman* v. *U. S. Life Ins. Co.*, 70 id., 72, see pages 76, 77; *Horne* v. *Amicable Life Ins. Co.*, 64 Barb., 82.)"

*Thomas G. Ritch* and *Haley Fiske*, for the appellant.

*James Lansing*, for the respondent.

Opinion by WESTBROOK, J.

Present — LEARNED, P. J.; BOCKES, and WESTBROOK, JJ.

Judgment and order affirmed, with costs.