RHODES v. ROBINSON, TAX COLLECTOR.

[67 South. 899-68 South. 145.]

TAXATION. *Rescission of levy. Injunction against collection.*

Where a board of supervisors authorized the issuance and sale of bonds for the purpose of constructing roads in a district of the county and subsequently levied a tax upon the property embraced in the district for the purpose of liquidating said bonds and being unable to sell said bonds, entered an order setting aside its order levying the tax, an injunction will lie at the suit of a taxpayer to restrain the collection of such levy.

ON SUGGESTION OF ERROR.

1. COUNTIES. *Insurance of bonds. Statutory authority.*

Where the board of supervisors of a county made an order to issue bonds to the amount of forty thousand dollars, and then gave notice of its purpose to issue bonds in excess of that amount, bonds issued pursuant to such notice were invalid.

2. COUNTIES. *Issuance of bonds. Statutory authority.*

Under a statute authorizing the issuance of bonds for road purposes, but leaving the question of the issuance to the electors of the road district, and requiring the board of supervisors to publish notice of its purpose to issue bonds, a notice of the purpose of the board of supervisors to issue bonds of a road district must indicate to what purpose the proposed bond issue is to be devoted, and where the notice does not show that the bonds are to be used for road purposes, an issue of bonds for that object is invalid.

Appeal from the chancery court of Rankin county.
Hon. Sam Whitman McLaurin, Judge.

Suit for injunction by S. S. Rhodes against G. O. Robinson, as Tax Collector. Demurrer to complaint sustained and complainant appeals.

The facts are fully stated in the opinion of the court.

*Stingily & McIntyre,* for appellant.

*S. L. McLaurin,* for appellee.

Cook, J., delivered the opinion of the court.

This action was begun in the chancery court by a bill of complaint filed by a taxpayer of supervisors' district No. 4, Rankin county, praying for an injunction to restrain the tax collector from collecting taxes levied against his property to acquire funds with which to pay certain alleged road bonds authorized by order of the board of supervisors. A preliminary injunction was granted, and at the hearing a demurrer to the bill of complaint was sustained, and the injunction dissolved. Complainant below prosecutes this appeal.

The bill alleges that by proceedings under chapter 145, Laws 1912, a road district was created embracing all of supervisors' district No. 4; that by further proceedings the board of supervisors authorized the issuance and sale of the bonds of said district for the purpose of constructing roads in the district; that subsequently the board of supervisors levied a tax on the property embraced in the district for the purpose of liquidating the said bonds. The bill of complaint further says that after the levy of taxes in July, 1914, the board of supervisors, being unable to sell the bonds, in December, 1914, entered an order setting aside its order levying the taxes.

It is contended here that the order setting aside the levy was entirely proper, and for this reason the de-

murrer should have been overruled. The bill prayed that the tax collector be restrained from collecting the taxes, and the demurrer having admitted that the board of supervisors, for the reasons above mentioned, had repealed its order levying the taxes, it is claimed that the demurrer should have been overruled, and injunction should have been made perpetual.

The tax levy was made to secure money with which to pay the bonds, and, the bonds not being sold, there was no longer any necessity for collecting the taxes levied for this purpose. We think, therefore, that the board of supervisors properly rescinded the order levying the taxes for this purpose, and the demurrer should have been overruled.

*Reversed and remanded.*

### OPINION ON SUGGESTION OF ERROR.

In our original opinion this case was reversed and remanded. In that opinion we did not take into consideration the validity of the order of the board of supervisors providing for the issuance of the road bonds in question. We are now asked to decide that question, because, it is said, that was the main and all important question presented by the record.

In the former opinion we held that it was within the power of the board of supervisors to rescind its order levying a tax upon the property in the district, it appearing that the bonds of the district had not been sold, and therefore there was "no longer any necessity" for collecting the taxes levied for the purpose of paying the bonds. Under the circumstances, and in view of the general theory of the bill of complaint, we think that it is proper and important for the court to take up the broad question of whether or not the order for and notice of the issuance and sale of bonds was made in accordance with the provisions of the statute.

The bill alleges that notice required by law was not given prior to the issuance of the bonds, because the published notice fails to advise the qualified electors of the district what bonds the board proposed to issue, and for the further reason that the notice given advises the voters of the purpose to issue bonds to be made payable and to mature at times not authorized by law. It is contended that the notice was in substantial compliance with the statute. The published notice in question is in the following words, viz.:

"Notice of Bond Issue.

"To the qualified Electors of Beat No. 4:

"Notice is hereby given that the board of supervisors of said Rankin county purposes, at its next regular session, beginning on the first Monday in November, 1913, to issue the six per cent bonds of the said beat No. 4, the said bonds to mature in twenty-five years and payable as follows: Five five-hundred dollar bonds on the 15th day of November 1923, and five five hundred dollar bonds on the 15th of November of each successive year until seventy of said bonds are paid; and ten of said bonds on November 15th, 1938.

"Witness my signature this 8th day of October, 1913.

"[Signed]                         T. L. Gay,

"Clerk of the Board of Supervisors."

It will be noted, according to the notice, that the first five bonds of five hundred dollars each were to be made payable in 1923, and that the board proposed to issue five five-hundred dollar bonds payable on each successive year thereafter, until seventy of said bonds are paid; and ten bonds were to be made payable in 1938. If the board had proceeded to issue the bonds provided for by the notice, the entire issue would have amounted to forty-two thousand, five hundred dollars. The order upon which this notice is based recites that the board proposed to issue bonds to the amount of forty thousand dollars. It will also be noted that the

published notice does not anywhere indicate for what purpose the bonds were to be issued.

` If the bonds had been issued according to the published notice, we think the sale thereof should be enjoined, because the issue would have been in excess of the amount which the board, by its order, indicated its purpose to issue. The power to issue the bonds must be found in the statute, and how the bonds are to be issued, the amount thereof, and the date of payment must be in strict conformity to the statute conferring the power to issue. The time fixed by the statute when the bonds shall be made payable, the terms and conditions upon which they shall be made payable, are all limitations upon the grant of power, and bonds issued in disregard of such provisions would be invalid. *Woodruff* v. *Okolona,* 57 Miss. 806. If the Board should issue the bonds payable as indicated by the notice, the issue would have been in disregard of the order of the Board providing for the issuance of bonds to the amount of forty thousand dollars and in disregard of the statute.

Again, the notice to the qualified electors must in some substantial way indicate to what purpose the proposed bond issue is to be devoted. The notice under consideration should tell the people interested why they are going to impose upon the beat a bond issue, and what kind of bonds are to be issued—road bonds, school bonds, or drainage bonds. How may the electors know what it is necessary for them to do in order that they may have a voice in the matter, unless the notice informs them for what purpose the bonds are to be issued? The right of the people interested to vote on the question is a substantial right. The whole legislative thought is to leave this matter in the control of the electors, and yet the notice makes no reference to the law, nor does it contain a word about how the electors are to go about voicing their disapproval.

The statute authorizing the issuance of bonds leaves the determination of that question to the electors of the road district, and to this end the statute requires the board of supervisors to publish notice of its proposal to issue bonds, in order that the people interested may, if they see fit, petition against the issuance of the bonds, and when the statutory petition against the bonds is filed with the board it then becomes the duty of the board to order an election for the purpose of ascertaining the will of the electors. The notice of the board's proposal to issue bonds must be a notice in fact. The publication of the notice is a condition precedent to the power to issue the bonds, and unless the notice given is in such form as to advise the electors that road bonds will be issued it does not comply with the law.